■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES J. STARKINS, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Nassau County, entered June 25, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered March 5, 1954 after a jury trial, convicting him of murder in the second degree, and imposing sentence upon him. Order reversed on the law and the facts, and application remitted to the County Court, Nassau County, for a hearing and for further proceedings not inconsistent herewith. After defendant's conviction, his attorneys duly filed and served a notice of appeal. However, on motion of the District Attorney, upon notice to defendant's attorneys who thereafter defaulted, such appeal was dismissed by this court on September 24, 1954 for lack of prosecution. The

defendant now claims in effect: (1) that he was without knowledge that a notice of appeal had been actually filed by his attorneys; (2) that he never received notice of the District Attorney's motion to dismiss the appeal and of its subsequent dismissal; (3) that his appeal was dismissed due to his attorneys' inadequate representation of his interests; and (4) that by their conduct his attorneys prevented him from perfecting the appeal and prosecuting it to fruition. While these claims appear to be inconsistent, nevertheless the allegations made by the defendant in his petition are sufficient to require a hearing. The court should take proof: (1) as to whether the defendant's attorneys actually prevented the defendant, by reason of his then circumstances, from perfecting or prosecuting the appeal; (2) as to whether, by their affirmative wrongful acts, the defendant's attorneys actually deprived the defendant of such right; and (3) as to whether the conduct of any public official, in and of itself or in concert with the conduct of the defendant's attorneys, prevented the defendant from perfecting or prosecuting the appeal or deprived him of such right. Of course, if the plenary proof should disclose that the defendant's attorneys, in good faith, intentionally and advisedly refrained from perfecting and prosecuting the appeal, or if the proof should disclose that they merely neglected to do so, the defendant would not be entitled to *coram nobis* relief (cf. *People* v. *Barsey,* 21 A D 2d 828 and the cases there cited; *People* v. *Smith,* 22 A D 2d 924; *People* v. *Augusta,* 22 A D 2d 925). Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.