## UNITED STATES of America ex rel. Nathan BERMAN, Relator,

v.

### Albert H. GILLIGAN, Acting Warden of Green Haven Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.

Dec. 10, 1965.

Nathan Berman, relator, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent, Barry Mahoney, Asst. Atty. Gen., New York City, of counsel.

SUGARMAN, District Judge.

Relator, presently a New York State prisoner, was convicted on February 7, 1956 in the Court of General Sessions, New York County, upon his plea of guilty of the crimes of feloniously possessing a narcotic drug and of attempting to commit the crime of feloniously possessing a narcotic drug with intent to sell. Relator was at the time of his plea represented by retained counsel (hereinafter first attorney). Thereafter, in that court

on March 15, 1956 and while represented by the first attorney, relator was sentenced, as a second felony offender to imprisonment for a term of 19 to 20 years.

A notice of appeal from the conviction, to the New York Appellate Division, First Department, was filed by the first attorney on April 10, 1956.

While the appeal was pending and on January 9, 1957, relator's wife, by letter addressed to an attorney other than the first attorney (hereinafter second attorney), retained said second attorney to represent relator for the purpose "of bringing such proceedings as you may deem necessary to vacate and set aside the judgment of conviction rendered against him on March 15, 1956".

In the letter of retainer relator's wife, *inter alia,* agreed that the second attorney would be simultaneously paid a certain sum in addition to a prior payment and a further amount if the second attorney succeeded in vacating the conviction. It was also stipulated that if the second attorney did not succeed he was nevertheless to retain the sums paid him "in full payment of all services rendered".

The brief in the Appellate Division filed on appellant's behalf bore the name of the first attorney and the appeal was apparently argued by him. The extent, if any, that the second attorney participated in the appeal to the Appellate Division is not indicated in any of the papers before this court. The points urged in the Appellate Division by appellant in seeking a reversal were addressed to whether relator was properly sentenced as a second felony offender since the first crime involved a prior federal conviction and whether the sentence imposed was unduly harsh and excessive.

The Appellate Division, First Department, on April 16, 1957, unanimously affirmed relator's conviction, 3 A.D.2d 827, 161 N.Y.S.2d 827.

Judge Fuld of the New York Court of Appeals granted relator leave to appeal to that court on May 31, 1957, whereupon a notice of appeal to the Court of Appeals was filed on June 11, 1957. The first attorney's name appears on that notice of appeal as the appellant's counsel.

On October 9, 1957 the second attorney stipulated with the District Attorney of New York County that the relator's "appeal be and it is hereby withdrawn". That stipulation resulted in the entry on October 8, 1957 [1] of an order in the New York Court of Appeals withdrawing the appeal.

After the decision, on June 9, 1961, of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, relator appearing pro se moved on May 3, 1962 for a writ of error coram nobis to vacate the judgment of his conviction in the Court of General Sessions, New York County. Judge Sarafite of that court, without a hearing and without opinion, denied that application by order entered May 24, 1962.

Relator appealed pro se and in forma pauperis from the said order of May 24, 1962 to the New York Appellate Division, First Department, contending, as he had in the court below:

"(1) That he (appellant) was misled and induced to plead guilty by virtue of his attorney's representation that he had obtained a definite understanding from the Court, that for appellant's plea of guilty, substantially less than the maximum sentence would be imposed, and:

"(2) That the trial Court erred in denying counsel's motion at the conclusion of the prosecution's case for a dismissal of the indictment bottomed upon the premise the entire evidentiary content of the trial was a direct product of an unlawful, un-

---

1. No explanation is offered for the fact that the stipulation withdrawing the appeal (a photostatic copy of which has been submitted by the Attorney General of New York in opposition to the relator's instant application) is dated October 9, 1957, the day after the order withdrawing the appeal was entered by the New York Court of Appeals.

reasonable search and seizure, without a duly certified warrant (Mapp v. Ohio, 367 U.S. 643 [81 S.Ct. 1684]; People v. Peetz, 7 N.Y.2d 147 [196 N.Y.S.2d 83, 164 N.E.2d 384])."

On March 28, 1963 the Appellate Division unanimously affirmed Judge Sarafite's order of May 24, 1962 and on May 24, 1963 Chief Judge Desmond denied relator leave to appeal to the New York Court of Appeals.

On October 11, 1963 relator pro se sought a writ of habeas corpus in this court in forma pauperis on the same two contentions presented in his coram nobis motion in General Sessions, supra.[2]

On February 3, 1964 Judge Cannella denied the relator's petition for a writ of habeas corpus without prejudice pending a determination by the Supreme Court of the United States of the question of applying Mapp v. Ohio, supra, retrospectively or prospectively. Judge Cannella also, on April 20, 1964, allowed relator to appeal to the United States Court of Appeals for the Second Circuit in forma pauperis and granted a certificate of probable cause therefor. Upon relator's pro se motion in the Court of Appeals for the Second Circuit for assignment of counsel his appeal was, on September 29, 1964, dismissed.

On June 7, 1965, when the United States Supreme Court held in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, that Mapp v. Ohio, supra, did not apply to state court convictions which had become final before its rendition it, on the same day, denied relator's pro se application for certiorari to the Court of Appeals for the Second Circuit, Justices Black and Douglas being of the view that certiorari should have been granted, Berman v. Fay, Warden, 381 U.S. 955, 85 S.Ct. 1808, 14 L.Ed.2d 727.

Thereupon, by letters to the Clerk of the New York Court of Appeals, dated June 14, 21, and July 1, 1965, relator applied to the New York Court of Appeals for reinstatement of his appeal to that court from the affirmance by the Appellate Division on April 16, 1957 of his conviction. The motion was denied by the New York Court of Appeals on July 9, 1965. People v. Berman, 16 N.Y.2d 830, 263 N.Y.S.2d 173, 210 N.E.2d 462.

Thereupon relator, on July 29, 1965, moved anew in this court for a writ of habeas corpus. The grounds for the requested "reinstatement of his appeal" by the New York Court of Appeals and for his present application for a writ of habeas corpus in this court appear to be that relator's

"right under the Fourteenth Amendment to the United States Constitution to due process of law had been violated because of the four following reasons: (1) His appeal was withdrawn without his permission or knowledge (achieved in part, we submit, because the Clerk of the Court of Appeals had refused to respond to any of relator's numerous correspondence during the pendency of the appeal—this Court is also urged to take judicial notice, that the Clerk of the New York Court of Appeals ordinarily does not respond to a defendant's correspondence of enquiry when, as in relator's case, the defendant is represented by counsel); (2) He was not effectively represented by counsel in connection with this aborted appeal because counsel without relator's authorization entered into a stipulation to withdraw his appeal, after he had been retained to prosecute same to a final determination on the merits; (3) That he did not intelligently or competently waive his right to such an appeal and (4) That relator had lost his appeal right because of a fraud perpetrated by his lawyer".

Relator's instant application is silent as to any attempts which he or his wife made at any time to ascertain from the

---

**2.** The history of relator's coram nobis application in General Sessions, the Appellate Division and the Court of Appeals appears in his papers submitted to this court in support of that application for a writ of habeas corpus.

second attorney what progress was being made on his appeal to the New York Court of Appeals. All that it discloses is that:

"After eight years of persistently badgering the Clerk of the New York Court of Appeals in an effort (until recently quite unsuccessful) to ascertain the status of his appeal and to ensure its effective prosecution, the Clerk of the Court in June, 1965, finally informed relator that his appeal had been withdrawn on stipulation of his lawyer and the District Attorney of New York County and by an order of the Court dated October 8, 1957.

"Relator upon being so advised contemporaneously moved pro se. for the reinstatement of his appeal * * * "

This statement can be read only as meaning that relator did not learn of the withdrawal of his appeal to the New York Court of Appeals until June 1965. If it does mean that then it is untrue because, although the parties seem to have forgotten it, the relator, in his affidavit of October 9, 1963 in support of his first application to this court for a writ of habeas corpus said:

"Although leave to appeal to the Court of Appeals was granted by Hon. Stanley H. Fuld, on May 31, 1957, *relator later withdrew his appeal*" (emphasis supplied).

Notwithstanding this statement to this court on October 9, 1963 indicating knowledge of the withdrawal of his appeal between May 31, 1957 and October 9, 1963 and relator's present assertion of "eight years of persistently badgering the Clerk of the New York Court of Appeals", relator in his letters to the New York Court of Appeals seeking reinstatement of his appeal stated (on June 14, 1965):

"In 1962 I addressed three letters to your office enquiring as to the status of my appeal. To each I received no response. [I have a copy of each letter]. I am now informed by good authority that the appeal was either dismissed or withdrawn by counsel without my permission";

and (on June 21, 1965):

" * * * I feel justified in moving for the reinstatement of this appeal, withdrawn without my knowledge or permission".

■ In the courts of New York a writ of error coram nobis or comparable relief will not be granted where its effect will be to enlarge the time beyond the statutory maximum to file a notice of appeal not timely filed because of negligence of defendant's assigned or retained counsel. People v. Kling, 14 N.Y.2d 571, 248 N.Y.S.2d 661, 198 N.E.2d 46 (1964); People v. Marchese, 14 N.Y.2d 695, 249 N.Y.S.2d 888, 198 N.E.2d 916 (1964); People v. Smith, 14 N.Y.2d 696, 249 N.Y.S.2d 889, 198 N.E.2d 916 (1964); People v. Augusta, 22 A.D.2d 925, 255 N.Y.S.2d 515 (2d Dep't 1964); People v. Weeks, 23 A.D.2d 684, 257 N.Y.S.2d 496 (2d Dep't 1965).

■ However, where an appeal was timely filed but defendant was prevented by his attorney from perfecting or prosecuting it or by the attorney's wrongful acts defendant was deprived of such right or by the conduct of any public official alone, or together with that of defendant's attorney, defendant was prevented from perfecting or prosecuting his appeal or was deprived of such right and such is established at a hearing coram nobis will lie. People v. Starkins, 23 A.D.2d 683, 257 N.Y.S.2d 606 (2d Dep't 1965).

■ Notwithstanding the aforementioned inconsistencies out of relator's own mouth as to when he first learned of the withdrawal of his appeal to the New York Court of Appeals by his second attorney, enough is charged in relator's affidavit, albeit conclusory, to warrant a hearing as to whether by federal standards, such as misconduct of employed counsel amounting to fraud or deceit, relator has been denied federally guaranteed due process as charged. Camp v. United States, 352 F.2d 800 (5th Cir., 1965).

Since that avenue of relief is still unexhausted by relator in the courts of New York State, obedience to 28 U.S.C. § 2254 demands that the state courts be first allowed to act. United States ex rel. Boodie v. Herold, 349 F.2d 372 (2d Cir. 1965).

The petition is dismissed.

It is so ordered. No further order is necessary.