**Samuel JOHNSON, Appellant,**

v.

**David HARRIS, Superintendent, Green Haven Correctional Facility, Appellee.**

No. 1258, Docket 81–2352.

United States Court of Appeals, Second Circuit.

Argued June 4, 1982.
Decided June 21, 1982.

Andrew Dillman, New York City (Sheila Ginsberg Riesel, New York City, of counsel), for appellant.

Gail Jacobs, Asst. Dist. Atty., New York City (Mario Merola, Dist. Atty., Alan D. Marrus, Asst. Dist. Atty., New York City, Bronx County, of counsel), for appellee.

Before KAUFMAN and WINTER, Circuit Judges, and WARD,* District Judge.

* Of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

This is an appeal from Judge Broderick's denial of a petition for a writ of habeas corpus. The appellant, Samuel Johnson, was convicted by a jury of murder[1] in violation of New York Penal Law § 125.25 and the misdemeanor of possession of a weapon in violation of New York Penal Law § 265.05(9),[2] in the New York Supreme Court on November 30, 1972. Judge Bloustein sentenced Johnson to a term of imprisonment from twenty-five years to life. The conviction was unanimously affirmed without opinion by the Appellate Division, 49 A.D.2d 1039 (1st Dept. 1975), and leave to appeal to the New York Court of Appeals was denied.

The district court denied Johnson's petition for a writ of habeas corpus in March, 1981. On appeal, Johnson raises three claims. He argues that Judge Broderick erred in concluding that Judge Bloustein's refusal to appoint an expert witness for the defense did not deprive him of his constitutional right to a fair trial. The appellant further asserts that judicial and prosecutorial misconduct at trial constituted reversible error. In addition, Johnson challenges the district court's determination that no hearing is required to decide whether he was competent when he was given the *Miranda* warnings. Since the first two of these claims are without merit, and since we may not adjudicate the merits of Johnson's third claim, we affirm the judgment denying Johnson's petition for a writ of habeas corpus.

On September 23, 1970, Police Officer Michael Paollili's mutilated body, with his gun missing from its holster, was discovered in the vestibule of a Bronx apartment building. Six eyewitnesses placed Johnson near the scene of the crime. Two witnesses observed Johnson and Paollili as they walked out of a gun shop two blocks from the murder and proceeded together in the direction of the crime. One of these witnesses identified the gun Johnson brought into the shop as the weapon later found in his apartment. Three other witnesses saw a black male near the scene of the murder. One actually observed a black man repeatedly striking Officer Paollili with an object while the officer begged him to stop. A second witness saw a black man run away from the crime and throw a shiny object into a vacant lot, where a knife fresh with human blood was later discovered. Another witness observed a man bleeding from the left arm fleeing the murder scene.

Johnson was arrested on August 20, 1971 after the discovery of Paollili's .38 caliber revolver in the lobby of an abandoned building into which a police officer had chased him following an unrelated street incident. After being taken into custody and acknowledging an understanding of his *Miranda* rights, Johnson told Dective Green that he had purchased Paollili's gun from an unidentified man. The appellant also told Green that the gun observed in the gun shop on the day of Paollili's murder was in his apartment. After a pre-trial hearing, the state trial judge found Johnson competent to stand trial and denied Johnson's motion to suppress his statements and evidence obtained as the fruits of those statements.

■■■ Johnson contends that the state trial judge erred in declining to provide a hair identification expert for the defense. We disagree. The decision to appoint experts to assist a defendant is left to the sound discretion of the trial court, *see* N. Y. County Law § 722–c (McKinney 1972); 18 U.S.C. § 3006A(e), upon a defense showing of necessity and inability to afford the expense of such services. *See United States v. Oliver*, 626 F.2d 254, 260 (2d Cir. 1980). The prosecution's expert testimony was brief, communicated in non-technical language, and readily understandable by the defense and the jury. In addition, upon cross-examination by the defense, the prosecution's expert stated that no hair comparison can prove identity positively. Accordingly, Johnson has not shown that the ap-

---

1. Now termed murder in the second degree.

2. Now N.Y. Penal Law § 265.01(2) (McKinney 1980).

pointment of an expert was "reasonably necessary," see *United States v. Oliver, supra; United States v. Williams,* 616 F.2d 759 (5th Cir.), *cert. denied,* 449 U.S. 857, 101 S.Ct. 156, 66 L.Ed.2d 72 (1980), and as a result, Judge Broderick properly concluded that the state trial judge acted well within his discretion.

Appellant's claim of judicial misconduct is also without merit. The trial judge did not exhibit bias against the defense. Moreover, the prosecutor's summation was not improper and the overwhelming evidence of guilt indicates that Johnson suffered no prejudice. *See United States v. Modica,* 663 F.2d 1173, 1181 (2d Cir. 1981). *See also United States v. Bivona,* 487 F.2d 443 (2d Cir. 1973); *United States v. White,* 486 F.2d 204 (2d Cir. 1973), *cert. denied,* 415 U.S. 980, 94 S.Ct. 1569, 39 L.Ed.2d 876 (1974).

█ Finally, we hold that *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977), precluded the district court from considering Johnson's claim that, because he lacked the mental capacity to understand the *Miranda* warnings when they were read to him, his subsequent statements to Detective Green were not "voluntary." Johnson made no such argument before the state trial court. When Johnson raised his mental incapacity claim before the Appellate Division, the state prosecutor argued both that Johnson was procedurally barred from raising this claim on appeal, and that the claim in any event was without merit. As noted, the Appellate Division affirmed Johnson's conviction without opinion. Under *Martinez v. Harris,* 675 F.2d 51, 54 (2d Cir. 1982), a state appellate court's silence in circumstances such as these requires a federal habeas corpus court to conclude that the petitioner's claim was rejected by the state appellate court on state-law procedural grounds. Here, then, we must hold that a state court has invoked a state procedural rule to preclude its review of Johnson's mental capacity claim, meaning that the merits of this claim may not be adjudicated by us unless the "cause-and-prejudice test" enunciated in *Wainwright v. Sykes, supra,* has been

satisfied. *Klein v. Harris,* 667 F.2d 274, 285 (2d Cir. 1981).

Johnson suggests that his failure to raise his mental incapacity claim at trial was "caused" by the trial judge's refusal, during the course of a hearing as to whether Johnson was competent to stand trial, to allow defense counsel to inquire into Johnson's mental capacity at the time of his arrest. This is not adequate "cause" for a procedural default within the meaning of *Wainwright v. Sykes, supra.* Johnson's competency hearing concerned only the issue whether Johnson was *presently* mentally incapacitated. Since, when he conducted the competency hearing, the trial judge had no knowledge that Johnson was making any claim that he was mentally incapacitated at the time of his arrest, over a year earlier, it was perfectly appropriate for the trial judge to preclude inquiry into Johnson's mental capacity at the time of his arrest: such information was not only plainly irrelevant to Johnson's present competency to stand trial (the issue at hand), but also had nothing whatever to do, so far as the trial judge knew, with any issue involved in the case. Johnson's failure to show adequate cause for the procedural default that the Appellate Division invoked in refusing to reach the merits of his mental incapacity claim means that we may not, consistent with the principles enunciated in *Wainwright v. Sykes, supra,* adjudicate this claim on the merits. Accordingly, we decline to do so.

The judgment of the district court is affirmed.