**Kenneth LANDSKRONER, Plaintiff,**

v.

**Vito TERNULLOW, Warden, Otisville Correctional Facility, Defendant.**

**No. 83 Civ. 9035(CES).**

United States District Court,
S.D. New York.

April 12, 1984.

Herman Kaufman, Litman, Kaufman & Asche, New York City, for plaintiff.

Vida M. Alvy, Asst. Atty. Gen., New York City, for defendant.

MEMORANDUM DECISION

STEWART, District Judge:

Petitioner seeks a writ of habeas corpus asking this court to reinstate his state court appeal which he took following his criminal conviction for possession of cocaine. Petitioner claims that, in contravention of the federal constitution, he was denied effective assistance of appellate counsel. Because there are serious doubts as to whether petitioner has fairly presented his claim to the state courts, we dismiss the petition without prejudice to its renewal.

Petitioner was convicted in the Albany County court in June of 1981 and sentenced to a 3 to 15 year prison term. The judgment of conviction was affirmed by the Appellate Division, Third Department, on December 23, 1982, and leave to appeal to the Court of Appeals was denied on March 8, 1983.

Petitioner alleges that in late May of 1983, his mother learned for the first time that certain salient grounds for appeal were neither considered nor argued by petitioner's attorney when petitioner's direct appeal was taken. Subsequently, petitioner hired a new attorney and in late August of 1983, after counsel had investigated the matter, petitioner moved before the Appellate Division to reargue his appeal on the ground that the appeal had been the product of ineffective assistance of appellate counsel.

In opposition to the reargument motion, the state argued only that the motion was barred from review for procedural reasons and did not address the merits of petitioner's claim. In particular, the state urged that the motion was not timely under section 800.14(f) of the Appellate Division, Third Department's rules, which states that "[m]otions for reargument must be made within 60 days" of the appeal. Section 800.14(f) is a time limitation promulgated pursuant to N.Y.Crim.Proc.Law § 470.50(2). Section 470.50 provides in relevant part:

> 1. After its determination of an appeal taken pursuant to article four hundred fifty, an appellate court, in the interest of justice and for good cause shown, may in its discretion, upon motion of a party adversely affected by its determination, or upon its own motion, order a reargu-

ment or reconsideration of the appeal....

2. The court of appeals may promulgate rules limiting the time within which a motion for reargument of appeals determined by such court may be made, and the appellate division of each department may similarly promulgate such rules with respect to appeals determined by such appellate division ... In the absence of any such rule of limitation, a motion for reargument may be made at any time.

Apparently for good measure, the state also opposed the reargument motion on the ground that "no interest of justice or good cause" had been shown, citing the language of section 470.50(1). We observe that this latter argument was made for good measure since, as we read section 470.50, the interest of justice/good cause criteria do not describe the circumstances under which time limits promulgated under section 470.50(2) (*e.g.*, App.Div. Third Dep't Rule § 800.14(f)) may be relaxed, but rather the circumstances under which an otherwise timely motion to reargue should be granted.

In any case, the Appellate Division denied the motion without opinion and since the state had raised only procedural arguments in opposition to the motion, both parties before us now agree that the motion was denied as procedurally barred, and that petitioner's ineffective appellate counsel claim was never heard on the merits. *See Johnson v. Harris*, 682 F.2d 49, 51 (2d Cir.), *cert. denied*, 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982); *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). Accordingly, petitioner now urges that this court apply the "cause and prejudice" test of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under that test, a claim which the state courts have refused to consider for procedural reasons may only be heard by a federal habeas court if the petitioner can surmount the significant hurdle of demonstrating "cause" for failing to comply with the state procedural requirements, as well as actual prejudice. Although we are aware of no cases directly on point, we agree with the state that application of *Wainwright* would be premature. We reach this conclusion 1) because of strong comity principles which dictate that a federal habeas court not pass on a habeas petition unless state courts have had a fair opportunity to pass on the claim first, 2) because the *Wainwright* cause and prejudice test anticipates that it will only be applied if the state courts will not, due to adherence to their own procedural rules, pass on the merits of a claim, and 3) because there is a real possibility that if petitioner were to return to state court and attempt one of several untested procedural avenues to have his claim heard, he would be successful.

The first of these reasons requires no further explanation. It is beyond argument that the intent of the 28 U.S.C. § 2254 exhaustion requirement is that "the state courts [be afforded] a fair opportunity to pass upon [a petitioner's] federal claim." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir.1982) (en banc). It would therefore also seem manifest that if a state court has refused to pass on a federal claim because the petitioner has not followed a procedure which, according to state law, would entitle him to review of his claim, and avenues exist by which the claim *could* be heard, a federal habeas court must require the petitioner to follow one of those avenues before passing on his claim. Since it is undisputed that petitioner was barred for procedural reasons from having his ineffective assistance of appellate counsel claim heard in the state courts, the question we must now answer is whether other avenues exist by which he could have his claim heard.

On this point state law is admittedly unclear. What is clear is that if a claim of ineffective assistance of appellate counsel is to be heard in the state courts, it must be by some method subsequent and collateral to the allegedly inadequate direct appeal. We are aware of no state cases or statutes

which prescribe the proper method for presenting this claim in New York, but authority exists which suggests that procedural methods other than that chosen by petitioner may be available.

One method of review which might be available is a *coram nobis* proceeding either at the trial court level under N.Y. Crim.Proc.Law § 440.10, or at the Appellate Division level under common law principles. It is true that section 440.10 governs motions to "vacate a *judgment*" (emphasis added), but the practice commentary specifically points out that section 440.10 is a "catch-all collateral proceeding[ ]" for post judgment remedies and that

> it is noteworthy that, although the section pretends to be comprehensive and thus intended to be an exclusive codification, there is no express provision eliminating any inherent judicial authority to embrace and address and indeed fashion, as may be necessary and appropriate in a given situation, a post-judgment remedy outside the four corners of this section.

Further, section 440.10 is deemed a proper procedural route for review of cases in which counsel improperly declined to file or perfect an appeal. *E.g., People v. Adams,* 12 N.Y.2d 417, 190 N.E.2d 529, 240 N.Y.S.2d 155 (1963); *People v. Starkins,* 23 A.D.2d 683, 257 N.Y.S.2d 606 (2d Dep't 1965). Lastly, we think it significant that the New York Court of Appeals has expressly left the door open for review of ineffective appellate counsel claims via section 440.10. *People ex rel. Douglas v. Vincent,* 50 N.Y.2d 901, 409 N.E.2d 990, 431 N.Y.S.2d 518 (1980). Before the court in *Douglas* was the question of whether state habeas corpus is a proper channel for review of such claims, a question the court decided in the negative. Apparently, not wishing to reach an issue not before it, the court thought it inappropriate to comment on "whether the ... effective assistance of counsel [claim] may be heard in a proceeding in the nature of *coram nobis.*" 431 N.Y.S.2d at 518. A dissenting judge did reach that question and expressed the view that either a common law *coram nobis* proceeding at the Appellate Division level or a section 440.10 *coram nobis* proceeding at the trial court level would provide an appropriate procedure for review of an ineffective appellate counsel claim. *Id.*

Another potentially available route for presentation of an ineffective appellate counsel claim is by motion to reargue to the New York Court of Appeals. As is the case with Rule 800.14(f) of the Appellate Division, Third Department's rules, N.Y. Crim.Proc.Law § 470.50 authorizes the Court of Appeals to place a limit on the amount of time which may pass before a motion to reargue must be made. The Court of Appeals has accordingly promulgated section 500.9(f)(3) which provides that a reargument motion be made within 30 days after the appeal or motion "[u]nless otherwise permitted by the court." The quoted language apparently has been relied upon by the Court of Appeals to permit it to pass on a reargument motion made nearly two years after the court denied leave to appeal. *See Barnes v. Jones,* 665 F.2d 427 (2d Cir.1981), *rev'd,* — U.S. —, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). In addition, it is this language which sets Court of Appeals section 500.9(f)(3) apart from Appellate Division, Third Department section 800.14(f). The latter section, under which petitioner sought review of his ineffective appellate counsel claim, does not expressly allow for the making of reargument motions outside of the stated time period.

The possible availability of the *coram nobis* and reargument to the Court of Appeals avenues of review leads us to decline to pass on petitioner's claim at this time, especially in view of the fact that petitioner sought review via a channel which, by its own terms, did not allow for review. An argument can be made that in a technical sense petitioner has exhausted his claim,[1]

1. Ordinarily, if a petitioner has run into a nonappealable procedural bar in the state courts, his claim is considered exhausted. *See Gulliver v. Dalsheim,* 687 F.2d 655, 658 n. 4 (2d Cir. 1982). Indeed, in *Gulliver* the Second Circuit appeared to view this as the rule even in cases,

but the principle that state courts first have a fair opportunity to pass on federal habeas claims has not, with any certainty, been served. Put differently, we think that the cause and prejudice test should not be applied where there is substantial doubt as to whether, were he to follow alternate and available channels, a petitioner's claim would in fact be procedurally barred in the state courts. *Cf. Brown v. Wilmot,* 572 F.2d 404 (2d Cir.1978) (per curiam) (exhaustion would not be found where state courts were never presented with claim and possible procedure for review existed).

Looking at the case from a different theoretical vantage point, even were we to conclude that the cause and prejudice test is available at this juncture, the fact that alternative channels of review might be available would seem to also mean that there could be no finding of cause and prejudice. A petitioner cannot justify his failure to have his claim heard in state court if in fact he can have it heard, thus defeating a showing of cause, nor demonstrate that he has sustained any definite harm, thus defeating a showing of prejudice.

We express no view as to whether petitioner will be able to demonstrate cause

and prejudice if the state courts ultimately refuse to hear his ineffective appellate counsel claim.[2] In this regard, however, it is our strong hope that the state courts will in passing on petitioner's claim, should petitioner choose to return there, indicate whether they have reached the merits of petitioner's claim, and, if they have not, indicate the precise reasons why. This will ensure that any subsequent federal review is premised on an accurate understanding, and not mere guesswork, as to what has preceded at the state level.

The petition is dismissed without prejudice.

SO ORDERED.

like ours, in which the petitioner had run into a procedural bar because he had chosen the wrong procedural vehicle for raising his claim and other avenues arguably existed. Other decisions, however, seem to suggest that a claim is not exhausted if the wrong procedural avenue has been chosen and other avenues remain open, *see, e.g., Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (claim exhausted where petitioner failed to present it on direct state appeal *and* collateral relief unavailable); *Daye v. Attorney General,* 696 F.2d 186, 190 n. 3 (2d Cir.1982) ("Exhaustion ... requires presentation of the claim to the highest state court from which a decision *can be had*"; procedural bar exists, and exhaustion will be found, where "the state procedure for raising the challenge *is no longer available*" (emphasis added)), *Brathwaite v. Manson,* 527 F.2d 363, 366 (2d Cir.1975), *rev'd on other*

*grounds,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (it is doubtful a claim has been exhausted if it was not fully heard on the merits and could be so heard in a collateral proceeding), and this construction would seem to comport best, in our view, with the language of 42 U.S.C. § 2254(b) and (c).

2. We are of the view, however, that a clear state court record from which it may be deduced what procedural avenues were open to petitioner, and why, if this is the final result, he is deemed to have waived his remedies, will be relevant not only to a determination of cause and prejudice, but also to a finding of whether adequate and independent state grounds barring federal review exist. *See Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).