John RUZAS, Petitioner,

v.

James SULLIVAN, Superintendent of
Sing Sing Correctional Facility,
Respondent.

No. 84 Civ. 3933 (CBM).

United States District Court,
S.D. New York.

Feb. 8, 1985.

Lawrence A. Vogelman and Barry C. Scheck by Lawrence A. Vogelman, New York City, Steiman & Steinberg by David Steinberg, Poughkeepsie, N.Y., for petitioner.

Robert Abrams, Atty. Gen. of N.Y. by Douglas D. Aronin, New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

Petitioner John Ruzas seeks a writ of habeas corpus pursuant to 28 U.S.C. section 2254 claiming, *inter alia*, that he was denied effective assistance of counsel in the appeal of his state court conviction. Because it appears that petitioner has failed to exhaust his state remedies with respect to the ineffective assistance claim,

the instant petition must be dismissed without prejudice.

FACTS:

Petitioner was convicted of murder, robbery, and weapons offenses in Madison County court on July 4, 1975 and sentenced to a prison term of 25 years to life for the murder to run consecutively with concurrent sentences of 12 and a half to 25 years and seven and a half to 15 years on the other charges. The judgment of conviction was affirmed by the Appellate Division, Third Department on February 9, 1979. The Court of Appeals denied leave to appeal on April 10, 1979. In the appeal prepared by his attorney, who had replaced trial counsel, and in a supplemental pro se brief, petitioner raised most of the claims that form the basis of this petition, and these claims therefore seem to have been properly exhausted.

By motion dated August 10, 1983, petitioner, by his current attorneys, moved for leave to reargue his appeal in the Appellate Division, alleging a new claim that petitioner had been deprived of the effective assistance of appellate counsel. The Madison County District Attorney opposed the motion both on the ground that it was untimely under the court's rules and on the merits. The Appellate Division denied the motion without opinion on October 12, 1983.

Petitioner now seeks a writ of habeas corpus, including as one of his grounds for relief the ineffectiveness of his original appellate counsel. Petitioner maintains that his August 1983 motion to reargue exhausted this claim. Respondent argues that this motion must be deemed to have been decided on procedural grounds, and that petitioner's claim has therefore never been heard on the merits in the state court. Respondent suggests, but petitioner disputes, that other routes remain open to petitioner to have this claim heard in state courts, which would require this court to dismiss the petition at bar.

DISCUSSION:

A state prisoner seeking federal habeas corpus review of his state conviction must first exhaust available state remedies. 28 U.S.C. section 2254(b), (c) (1976). *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). This requirement is rooted in considerations of federal-state comity, and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. In order for a federal court to entertain a petition for the writ, all claims contained in the petition must be exhausted; "mixed" petitions of exhausted and unexhausted claims must be dismissed in their entirety. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

A petitioner's choice of an appeal route that is procedurally barred to him does not satisfy the initial requirement that state courts be given the opportunity to review a petitioner's constitutional claims. *United States ex rel. Johnson v. Vincent,* 507 F.2d 1309, 1313 (2d Cir.1974), *cert. denied,* 420 U.S. 994, 95 S.Ct. 1435, 43 L.Ed.2d 678 (1975). If petitioner's claim is procedurally barred in all possible state forums, the federal court may still entertain a habeas corpus petition under the "cause and prejudice" test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Nevertheless, if another avenue of appeal is still available, the petitioner must exhaust it prior to federal habeas review. Petitioner need not exhaust every conceivable procedural device, but he must demonstrate that the highest state court from which a decision can be had was given a fair opportunity to rule on the merits of petitioner's constitutional claims. *Daye v. Attorney General,* 696 F.2d 186, 190–91 & n. 3 (2d Cir.1982) (en banc).

In approaching the fact pattern at bar, this court does not write on a clean slate. A recent decision in this district is squarely on point and provides significant guidance in addressing this motion. *Landskroner v. Ternullow,* 586 F.Supp. 402 (S.D.N.Y.1984) (Stewart, J.). In accordance with that decision and the standards enunciated above, the court finds that petitioner's claim was never fairly

presented to the state court, and that petitioner still has state avenues of appeal open to him.

Petitioner concedes that the dismissal of his August 1983 motion to reargue his appeal before the Appellate Division must be presumed under the law of this circuit to have been based on procedural grounds, since both procedural and substantive grounds were presented to the court. *Johnson v. Harris*, 682 F.2d 49 (2d Cir.), *cert. denied*, 459 U.S. 1041, 103 S.Ct. 457, 74 L.Ed.2d 609 (1982). Petitioner maintains, however, that the Appellate Division has discretion to waive the requirement of section 800.14(f) of its own court rules that motions to reargue an appeal "must be made within 60 days" of notice of the court's order. Petitioner argues that the state court therefore had the opportunity to hear the claim of ineffective appellate counsel, and that the claim should be deemed exhausted.

Petitioner's argument is without merit. Section 470.50(1) of the N.Y.Crim.Proc.Law does provide that an appellate court may at any time entertain a motion to reargue "in the interest of justice and for good cause shown." However, that discretion is removed under the rules of the Appellate Division, Third Department, promulgated pursuant to the same section. "[T]he interest of justice/good cause criteria do not describe the circumstances under which time limits promulgated under section 470.-50(2) (*e.g.*, App.Div. Third Dep't Rule section 800.14(f)) may be relaxed, but rather the circumstances under which an otherwise timely motion to reargue should be granted." *Landskroner*, 586 F.Supp. at 404.

The plain language of section 800.14(f) precludes discretion. Moreover, petitioner's nearly four and a half year delay in filing a motion for reargument so grossly exceeds the 60 day limit as to dispel any question that the Appellate Division's denial of the motion was discretionary.

Petitioner suggests in the alternative that if his motion to reargue is deemed to have been procedurally barred, the court

should apply the "cause and prejudice" test of *Wainwright v. Sykes* to permit federal review of the unexhausted claim. The court finds it premature to reach this issue, however, since various unexhausted state collateral appeal procedures remain for petitioner's claim. Although petitioner argues that these routes are untried and for practical purposes unavailable, this court is persuaded by the decision of Judge Stewart on nearly identical procedural facts in *Landskroner* that at least two state court devices appear to be available to a petitioner seeking to raise a claim of ineffective assistance of appellate counsel. 586 F.Supp. at 405.

The first method suggested is "a *coram nobis* proceeding either at the trial level under N.Y.Crim.Proc.Law section 440.10, or at the Appellate Division level under common law principles." *Id*. *See also People ex rel. Douglas v. Vincent*, 50 N.Y.2d 901, 903, 409 N.E.2d 990, 990, 431 N.Y.S.2d 518, 518 (1980) (Meyer, J., dissenting, joined Jones and Fuchsberg, JJ.); N.Y. Crim.Proc.Law section 440.10 practice commentary (McKinney 1983).

Another method of review that is likely available to petitioner is a motion to reargue to the New York Court of Appeals, brought pursuant to the Court of Appeals Rule section 500.11(g)(3). That section, unlike section 800.14(f) of the Rules of the Appellate Division, Third Department, grants the court discretion to hear a reargument motion after the 30-day time limit set in the Rule. *See Landskroner*, 586 F.Supp. at 405. The New York Court of Appeals has apparently exercised this discretion to reach the merits of a claim of ineffective assistance of appellate counsel raised nearly two years after the court originally denied leave to appeal. *See Barnes v. Jones*, 665 F.2d 427, 432 (2d Cir.1981), *rev'd on other grounds*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

While the availability of these methods of collateral review in the state courts is not certain, *see Landskroner*, 586 F.Supp. at 404, it would be inappropriate for this court to conclude that petitioner's claim is

procedurally barred when such routes are even arguably open. "Whether New York entertains collateral relief at this point is a matter of New York law to be decided by New York courts and not by federal court predictions of what stances those courts will take." *Wilson v. Fogg*, 571 F.2d 91, 95 (2d Cir.1978). *Cf. Brown v. Wilmot*, 572 F.2d 404, 406 (2d Cir.1978) (per curiam) (inappropriate for federal court "to guess what constitutional issues New York courts will or will not entertain in a habeas proceeding").

Since the court concludes that New York's courts have not been given the requisite fair opportunity to hear petitioner's claim of ineffective assistance of appellate counsel, and that procedural devices to obtain such review are arguably open, it is not necessary to reach the issue of the "cause and prejudice" test of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The court notes, however, that the availability of alternate channels of review would seem to militate against a finding of cause and prejudice. *See Landskroner*, 596 F.Supp. at 406. The court expresses no view as to whether petitioner will be able to demonstrate cause and prejudice if he ultimately is unable to obtain review of his unexhausted claim in the New York courts.

For the foregoing reasons, respondent's motion to dismiss the petition for failure to exhaust state remedies is granted. The petition is dismissed without prejudice to petitioner's right to file a new petition when all claims are exhausted or to refile this petition without the unexhausted claim.

SO ORDERED.