OPINION OF THE COURT
Meyer, J.
If the plea proceeding record is sufficient to permit review of the issue on direct appeal, the sufficiency of the allocution cannot be collaterally reviewed in a CPL 440.10 proceeding. The order of the Appellate Division should, therefore, be affirmed.
I
On March 31, 1983, defendant pleaded guilty to one count of robbery in the second degree. Thereafter he wrote a letter to the County Court Judge who had taken the plea stating his desire to withdraw it and on April 21, 1983 appeared before the Judge. At both the plea and the subsequent hearing he was represented by a Legal Aid Society attorney.
At the April 21, 1983 proceeding defendant stated that he had been coerced, had not read the papers he signed (a waiver of indictment), and did not understand "the part about taking all my rights away.” No mention was made of the ground presently urged: that he did not commit the crime to which he had pleaded guilty and that he had not admitted the elements of robbery, second degree, during the plea proceeding. The Judge refused to allow the plea to be withdrawn, pointing out that both the waiver and defendant’s rights had been discussed with defendant and explained to him fully, and that he had simply changed his mind. Defendant was sentenced to a *102 term of 2Vi to IV2 years. A pro se notice of appeal to the Appellate Division was filed by defendant on the same day, April 21, 1983, but nothing further was done to perfect the appeal.
In April 1984, now represented by assigned counsel, defendant moved pursuant to CPL 440.10 and 440.20 to vacate the conviction on the new ground set forth above. The attorney’s affidavit, citing People v Pascale (48 NY2d 997); People v Warren (47 NY2d 740); and People v Ebron (87 AD2d 653), stated that the motion was made in order to preserve defendant’s right to appeal from the judgment of conviction.
The County Judge who took the plea having died, the motion came on before another Judge who, initially, set the matter for hearing but, after the People moved for reargument and defendant’s counsel, in his answering affidavit, agreed that the matter could be decided on the plea minutes without a hearing, granted the motion to vacate. He found that defendant had consistently maintained that he had no idea that his companion intended to rob the business establishment until the act was in progress and that, therefore, the element of intent had not been established through defendant’s own recital during the allocution (People v Serrano, 15 NY2d 304).
The Appellate Division reversed, on the law, denied defendant’s motion to vacate and reinstated the conviction. It held CPL 440.20 inapplicable because there was no issue concerning the propriety of the sentence. With respect to CPL 440.10, it held that the motion should have been denied because insufficiency of the allocution was not a ground set forth in CPL 440.10. The correct method for raising an issue concerning a claimed defect apparent from the record, it held, was by direct appeal from the judgment of conviction "which, in this instance, defendant chose not to perfect.” (113 AD2d, at p 976.)
In his submission to us, defendant’s attorney, citing the holding in People v Claudio (64 NY2d 858) that the sufficiency of a guilty plea was "not preserved for appellate review because defendant neither moved to withdraw the plea before sentencing nor raised the issue by a motion to vacate the judgment of conviction,” argues that had his CPL 440.10 motion been denied, his direct appeal would have been perfected and the sufficiency issue reviewed. Ironically, only because defendant prevailed on that motion could the Appel *103 late Division "consider him to have failed to perfect his appeal, refuse to consider the merits of this case, and reinstate his judgment of conviction.”
II
We need not on the present record attempt to reconcile the language of the cases to which Criminal Term and defendant’s attorney allude,[1] nor need we determine that insufficiency of the plea allocution can never be raised in a CPL 440.10 proceeding as the Appellate Division memorandum suggests.[2] For purposes of the present proceeding it is sufficient to note that dismissal of a CPL 440.10 motion is mandated by paragraphs (b) and (c) of subdivision (2) of that section when:
"(b) The judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal; or
"(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him”. The purpose of those provisions is to prevent CPL 440.10 from being employed as a substitute for direct appeal when defendant was in a position to raise an issue on appeal (CPL 440.10 [2] [b]) or could readily have raised it on appeal but failed to do so (CPL 440.10 [2] [c]; see, People ex rel. Gibbs v Vincent, 39 *104 NY2d 918; Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 440.10, p 320).[3]
Here defendant’s answering affidavit on the People’s motion for reargument conceded that no hearing was required because sufficient facts appeared on the record to establish, as he argued, the insufficiency of the plea allocution. In the face of that concession, dismissal of the motion was required, notwithstanding that by failing to perfect his pro se direct appeal defendant had lost that avenue of review. Indeed, dismissal was mandated by that failure or by defendant’s failure to preserve the issue, otherwise available on direct appeal, for such review (CPL 440.10 [2] [c]).
When, as will usually be the case, sufficient facts appear on the record to permit the question to be reviewed, sufficiency of the plea allocution can be reviewed only by direct appeal (CPL 400.10 [2] [b], [c]). Only in the unusual situation that sufficient facts with respect to the issue do not appear on the record is a CPL 440.10 motion to vacate available as a means of review. A defendant who is not sure that the record will ultimately be found to contain sufficient facts may protect himself against a holding that direct review is not warranted on the record presented by making a CPL 440.10 motion, but even if he wins that motion must preserve his direct appeal so that it can be consolidated with the People’s appeal from the nisi prius ruling on the motion. Here that was not done.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.

. People v Francis (38 NY2d 150); People v Beasley (25 NY2d 483); and People v Serrano (15 NY2d 304) all hold that where defendant’s responses alert the court to the insufficiency of his guilty plea defendant’s failure to move to withdraw the plea does not foreclose consideration of the issue on appeal. Under those cases defendant’s failure in his withdrawal motion to specify the ground presently urged would have been no bar to consideration of it on defendant’s direct appeal. If, however, Claudio’s broader statement (People v Claudio, 64 NY2d 858) be deemed to bar direct appeal because the issue was not preserved collateral review is, nonetheless, barred, as hereafter explained, by defendant’s unjustifiable failure to preserve the issue for direct appeal and to perfect that appeal.

. A CPL 440.10 motion can be based on improper conduct not appearing in the record (440.10 [1] [f]) or on a violation of defendant’s rights under the State or Federal Constitution (440.10 [1] [h]).

. That reading of the section is in accord with prior decisions concerning common-law coram nobis relief which is now subsumed within CPL 440.10 (see, e.g., People v Sadness, 300 NY 69 [where error of law appears on the face of the record coram nobis is not available; proper procedure is normal appeal, motion in arrest of judgment or motion to withdraw the plea]; People v Mcguire, 13 AD2d 794, cert denied 368 US 866 [plea of guilty made through counsel may not be challenged by remedy of coram nobis]; see also, People v Donovon, 107 AD2d 433; People v Reese, 100 Misc 2d 951).