**Eric LOTZE, Petitioner,**

v.

**Robert HOKE, Superintendent, Eastern Correctional Facility, Respondent.**

**No. CV–86–0863.**

United States District Court, E.D. New York.

Feb. 25, 1987.

Gerald B. Lefcourt by Erica Hurwitz, New York City, for petitioner.

William L. Murphy, Richmond County Dist. Atty., Staten Island, N.Y. by Karen F. McGee, Asst. Dist. Atty., Staten Island, N.Y., for respondent.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion for reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, of this Court's Order dated October 3, 1986, dismissing the petition.

Petitioner, presently an inmate at Eastern Correctional Facility, was sentenced on April 23, 1979, to a term of imprisonment of 15 years to life upon his plea of guilty to murder in the second degree.

On June 10, 1982, the Appellate Division, Second Department, affirmed, holding that review was unavailable on procedural grounds. Petitioner then applied for permission to appeal pursuant to NYCPL § 460.20. The appeal was denied by the Court of Appeals on August 21, 1985. Petitioner then petitioned this Court for habeas corpus relief. This Court dismissed the petition on October 3, 1986, as raising unexhausted arguments.

The material facts relating to the plea allocution are as follows. After jury selection began at petitioner's state court trial, petitioner applied to the court to accept his guilty plea. After questioning petitioner and advising him of his constitutional rights, the court accepted the plea.

At sentencing, petitioner told the court that he acted in self defense. The court asked petitioner if he wanted to revoke his guilty plea. After a fifteen minute conference with his lawyer, petitioner stated that he did not wish to change his plea.

Petitioner appealed his conviction on the ground that his plea was defective. The Appellate Division held that petitioner failed to satisfy New York's procedural requirements in order to preserve his point for appeal. "[T]he defendant did not raise his objections to the adequacy of the plea allocutions in the court of first instance and thus failed, as a matter of law, to preserve his claim for appellate review." *People v. Lotze*, 111 A.D.2d 834, 490 N.Y.S.2d 257 (2d Dep't 1985). The court went on to hold, however, that the plea allocution was sufficient and that petitioner's plea was voluntary.

In his habeas petition, petitioner claimed that the trial court, during its plea allocution, failed to question petitioner as to whether he had the intent necessary to commit murder. Petitioner claimed that he did not understand that intent was a necessary element of the crime and that, accordingly, under *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), habeas should be granted.

In opposition to the habeas petition, the state relied on *Phillips v. Smith*, 717 F.2d 44 (2d Cir.1983), and argued that habeas relief was unavailable to petitioner since the Appellate Division dismissed the appeal on procedural grounds.

This Court dismissed the petition, holding in an orally delivered opinion from the bench, that petitioner had not fully exhausted his claim in state court:

"It seems to me that, correctly analyzing it, the decision of the Appellate Division was a decision inviting further litigation pursuant to CPL § 440.10, in which a more adequate record would be developed. The apparently alternative grounds relied on by the Appellate Division appear to me to address the record as it then existed. It seems to me appropriate, before this case is heard by a federal court, to give the state court an opportunity to consider the additional information which is available concerning the voluntariness of the plea, to expand the record as it has been expanded here, and only if it is determined that there is

no relief in state court will further proceedings here be appropriate. So I am dismissing the petitioner with leave to renew if it turns out that either the state court will in fact not hear the matter further or that, upon a hearing, it determines that the plea was in the state court's view voluntary and constitutional."

Petitioner requests reconsideration of this Court's order on the ground that he has sufficiently exhausted his claim in state court. Petitioner maintains that this Court dismissed the petition based on the erroneous view that the need for an evidentiary hearing always requires dismissal on exhaustion grounds. Based on this interpretation of the Court's decision, petitioner argues that the petition should not have dismissed since federal courts are empowered to conduct evidentiary hearings. Petitioner also argues that dismissal is futile in this case, since New York's collateral attack statute states that a collateral attack motion must be denied if the merits of the claims were previously reached on appeal. Since the Appellate Division found that petitioner's plea was voluntary, petitioner argues that a collateral attack motion would be denied, and, therefore, further state court litigation is futile.

Respondent argues that this Court should adhere to its prior determination. Respondent contends that this Court found the petition unexhausted because petitioner raised a new claim of ineffective assistance of counsel for the first time in federal court without previously presenting that claim in state court.

The Supreme Court in *Browder v. Director*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1977), held that motions for reconsideration of habeas petitions should be made pursuant to Rule 59(e). Although Rule 59(e) does not provide a specific standard for determining when a court should reconsider a prior judgment, courts in this circuit have applied the standard set forth in the local rules for reargument motions. *See United States Borax & Chemical Co. v. N.R.X. Technologies*, No. 81–3599 (S.D.

N.Y. March 1, 1982). *See* Local Rule 3(j). Courts have generally interpreted Rule 3(j) to require that new arguments be presented in order for a court to reconsider its prior decision. *See, e.g., Wm. Passalacqua v. Resnick Development Co.*, 611 F.Supp. 281, 283–84 (S.D.N.Y.1985); *United States v. Nederlandshe*, 75 F.R.D. 473, 475 (S.D.N.Y.1977). *But cf. United States v. IBM*, 79 F.R.D. 412, 413–14 (S.D.N.Y.1979). Additionally, reconsideration can be granted if the court's original order was ambiguous. *Kelly v. Pension Benefit Guaranty Corp.*, No. 79–0547 (S.D.N.Y. July 17, 1980).

In this case, it is clear that the parties do not understand the basis for this Court's earlier order. Petitioner maintains that the petition was dismissed because the need for an evidentiary hearing always requires dismissal on exhaustion grounds. Respondent argues that the petition was dismissed because petitioner raised an unexhausted ineffective assistance of counsel claim.

Respondent's position is unfounded. Petitioner, at oral argument on October 2, 1986, explicitly stated that he did not raise a claim of ineffective assistance of counsel.

"[Respondent has] argued that the petitioner has, in effect, amended his habeas petition by adding an unexhausted claim on the effectiveness of counsel. As I stated in my argument a few weeks ago, petitioner has not amended his petition and is not asking the Court to release him based on [inef]fectiveness of counsel. Certain facts were introduced, not for that purpose, but to corroborate the [petitioner's] assertion that he did not know that intent to kill is an element of murder."

Nothing in this Court's decision suggests that the Court was relying on an ineffective assistance claim. The Court explicitly held that the petition was being dismissed to develop the state court record on the voluntariness of petitioner's plea.

As to petitioner's position, it is arguable that this Court's Order did not sufficiently explain the basis for the petition's dismissal. This Court dismissed the petition as unexhausted because petitioner had an

available state court procedure to remedy his procedural error in state court.

Since the parties have not understood this court's Order, this Court will attempt to clarify its decision.

The procedural error in this case does not rise to the level of procedural default since petitioner has an available collateral attack to remedy his state court dismissal.

Cases in this circuit have recently addressed the issue of procedural dismissals which can be remedied by a collateral attack. In *Landskroner v. Turnullow*, 586 F.Supp. 402 (S.D.N.Y.1984), a habeas petitioner was held not to have defaulted although the state court dismissed his claims of ineffective assistance of counsel on procedural grounds. The court held that the availability of a collateral attack of petitioner's ineffective counsel claim precluded a finding of procedural default. However, since petitioner had an available state court remedy, the court found that petitioner had not exhausted:

"[I]f a state court has refused to pass on a federal claim because the petitioner has not followed a procedure which, according to state law, would entitled him to review of his claim, and avenues exist by which the claim could be heard, a federal habeas court must require the petitioner to follow one of those avenues before passing on his claim."

*Id.* at 404. *See Ruzas v. Sullivan*, 607 F.Supp. 60 (S.D.N.Y.1985); *see also Smart v. Scully*, 787 F.2d 816 (2d Cir.1986).

Plea allocutions, like claims of ineffective assistance of counsel, can be objected to by collateral attack. In *People v. Cooks*, 67 N.Y.2d 100, 500 N.Y.S.2d 503, 491 N.E.2d 676 (1986), the New York Court of Appeals held that, if the record was incomplete, a § 440.10 motion was available to challenge a plea allocution after a direct appeal was taken.

Petitioner in *Cooks* did not object to the allocution pursuant to *People v. Adams*, 46 N.Y.2d 1047, 416 N.Y.S.2d 588, 389 N.E.2d

1108 (1979). Since the allocution record was clear, the court stated that a § 440.10 motion was unavailable after his direct appeal. However, when "sufficient facts with respect to the issues do not appear on the record ... a § 440.10 motion to vacate [is] available as a means of review." 67 N.Y.2d at 404, 500 N.Y.S.2d at 505, 491 N.E.2d at 678.

Respondent's reliance on *Phillips v. Smith* is misplaced. In *Phillips*, the petitioner failed to object at trial and state that he was immune from prosecution. Since petitioner failed to object, the state appellate court dismissed his appeal on procedural grounds. Although the state court dismissed, it also reached the merits of the appeal.

The federal habeas court held that habeas review was unavailable since petitioner procedurally defaulted in state court, even though the merits of the appeal were reached: "[E]xplicit state court reliance on procedural default bars federal habeas review of the forfeited claim absent a showing of cause and prejudice regardless of whether the state court ruled alternatively on the merits of the forfeited claim." *Id.* at 48.

However, the type of procedural error that occurred in *Phillips* is different than the procedural error in this case. Immunity objections must be raised contemporaneously, since the defendant is capable of raising the objection during the course of trial. However, a plea allocution cannot be objected to contemporaneously since the defendant cannot simultaneously plead guilty and object to the allocution. Accordingly, *Cooks* allows a petitioner to object to a plea allocution after a direct appeal is taken.

Under *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), habeas relief is unavailable to a petitioner who was not questioned during allocution if he had intent to murder when he was pleading guilty to murder in the second degree. This requirement can be satisfied

by a defendant's attorney informing the defendant of the elements of the crime. *Marshall v. Loneberger,* 459 U.S. 422, 436, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983); *Harned v. Henderson,* 588 F.2d 12, 17 (2d Cir.1978); *Ames v. New York State Board of Parole,* 593 F.Supp. 972, 974 (E.D.N.Y. 1984).

The record in this case is unclear. The trial court's records do not contain any information regarding petitioner's knowledge of the elements of the crime. It is clear that petitioner and his attorney consulted during sentencing. It is unclear what was discussed. Accordingly, under *Cooks,* petitioner has an available state court remedy.

Petitioner argues that dismissal on exhaustion grounds in order for the state court to conduct a hearing is unreasonable. Although federal courts do conduct hearings, they do not conduct hearings if the habeas petition is unexhausted.

In this case, petitioner can remedy his state court procedural dismissal by seeking collateral attack. However, as discussed above, the availability of collateral attack necessarily means that the petition is unexhausted. This Court cannot conduct a hearing on an unexhausted petition. *See Harned v. Henderson, supra; Caputo v. Henderson,* 541 F.2d 979 (2d Cir.1976); *Ames v. New York State Board of Parole, supra* at 974.

In his habeas petition and motion for rehearing, petitioner argues that a § 440.10 motion would have to be denied, and, therefore, return to state court would be futile. NYCPL § 440.10(2)(a). However, the record that the state appellate court had before it was insufficient and ambiguous. Since the trial court at a § 440.10 hearing would be considering matters that were not on the record, the previous appeal should not compel denial of the § 440.10 motion. *See People v. Coley,* 85 A.D.2d 929, 446 N.Y.S.2d 773 (4th Dep't 1981); *People v. Seminara,* 58 A.D.2d 841, 396 N.Y.S.2d 472 (2d Dep't 1977).

This Court adheres to its October 3, 1986 decision dismissing the petition as unexhausted.

SO ORDERED.