■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANASTACIO BURGOS, Appellant. [656 NYS2d 939] —Appeal by the defendant, by permission, from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated January 9, 1995, as, upon granting reargument, adhered to its original determination, dated September 27, 1994, denying his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered September 12, 1991, which convicted him of rape in the first degree, burglary in the first degree, assault in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposed sentence.

Ordered that the order is affirmed insofar as appealed from.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that under the particular facts of his case he was denied "meaningful representation" (*People v Rivera,* 71 NY2d 705, 709; *People v Baldi,* 54 NY2d 137, 146). So long as the evidence, the law, and the circumstances of the particular case, viewed in totality and as of the time of representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met (*People v Baldi, supra*). We find that the defendant received meaningful representation.

The defendant's claim that the People failed to disclose to him a chemist's request for his hair samples is procedurally barred from review, since he failed to raise that issue on his direct appeal (*see,* CPL 440.10 [2] [c]; *see also, People v Cooks,* 67 NY2d 100; *People ex rel. Gibbs v Vincent,* 39 NY2d 918). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.