People v Moultrie (2019 NY Slip Op 06695)





People v Moultrie


2019 NY Slip Op 06695


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


47/12 -2450/12 9899B 9899A

[*1] The People of the State of New York, Respondent, 
v
Bernard Moultrie, Defendant-Appellant.


Michael E. Lipson, Jericho, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 15, 2012, convicting defendant, upon his pleas of guilty, of manslaughter in the first degree, operating as a major trafficker and conspiracy in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 35 years, and order, same court and Justice, entered on or about February 26, 2013, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's unpreserved challenge to the validity of his plea does not fall within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently, and voluntarily made, notwithstanding deficiencies in the plea colloquy (see id. at 383; People v Harris, 61 NY2d 9, 16-19 [1983]).
Defendant also claims that the attorney who represented him on his CPL 440.10 motion, made on grounds not at issue on this appeal, rendered ineffective assistance of counsel by failing to include a challenge to the inadequacy of the plea colloquy. However, counsel could not have raised such a record-based claim in a CPL 440.10 motion (see People v Tyrell, 22 NY3d 359, 364 [2012]; People v Cooks, 67 NY2d 100, 104 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK