ASHLEY MEADOWS FARM,
INC., Plaintiff,

v.

AMERICAN HORSE SHOWS
ASSOCIATION, INC.,
Defendant.

No. 82 Civ. 5691 (RWS).

United States District Court,
S.D. New York.

Dec. 11, 1985.

---

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Ashley Meadows Farm, Inc. (the "Farm") has moved for reargument under Rule 3(j), Civil Rules United States District Courts for the Southern and Eastern Districts of New York, after the rendering of the September 30, 1985, 617 F.Supp. 1058, opinion of the court holding that the Farm's evidence of injury was inadequate as a matter of law to allow it to proceed to trial under Section 16 of the Clayton Act. The motion to reargue was submitted on November 1, 1985, and is now denied.

To be entitled to reargument under Local Rule 3(j), the Farm must demonstrate that the court overlooked controlling decisions or factual matters that were put before the court on the underlying motion. It is the primary position of the Farm that it has established its claim to a trial seeking injunctive relief against the practice by the defendant American Horse Shows Associa-

tion, Inc. (the "Association") under its Mileage Rule and Rule Amendment. The Farm seeks to hold horse shows on dates other than those now authorized, dates that are alleged to be more advantageous to the Farm. No proof of economic injury has been proffered, except as noted below.

The Farm first urges that *Zenith Radio Corp. v. Hazeltine Research Co.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969), as a matter of law, provides the requisite nexus between the violations it has alleged and its future injury and that the court misread *Zenith*. As stated in the September 30 opinion, the court found that while the Farm's reading of *Zenith* "finds some support in the language used" by the Supreme Court, that language had to be read in light of the factual predicate to the Court's conclusion on the plaintiff's right to injunctive relief. In *Zenith*, the Supreme Court first restored the district court's finding that defendant's conduct had in fact injured the plaintiff by reducing its profits. Since defendant's conduct had not terminated, future injury in fact due to the continuing of profits was "inherent" in the conduct. Injunctive relief was appropriate, therefore, because financial injury resulting from past conduct was expected to continue. That proposition, which actually supports the Association's position here, is all that one can take from the passage in *Zenith* so often cited by the Farm.

█ Unlike the *Zenith* plaintiff, which had been wholly denied access to the Canadian market by defendants' refusal to issue a license, the Farm simply alleges that the levels of its show profits, derived from an industry in which it actively participates, are affected by the Association's rules, but no evidence is offered in support of this limited allegation. In addition, the Farm offers no evidence to support its ultimate claim that its total revenues have been affected adversely.

The Farm asserts now, however, for the first time on reargument, that it can amplify its unsupported allegation with the opinions of its "expert" witnesses. The issue here would require a factual demonstration

858

of the Farm's contention that some dates are more "competitively advantageous" than others, and that the Farm's financial position would improve in the absence of the Association's scheduling rules. At the very least, the Farm must account for the effects of the attraction of exhibitors to other shows on the dates the Farm's shows are held that would result if the rules were enjoined. This is a point on which even the most sophisticated proof of injury in fact sometimes falters. *See, e.g., Murphy Tugboat Co. v. Crowley*, 658 F.2d 1256 (9th Cir.1981), *affirming Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co. Ltd.*, 467 F.Supp. 841 (N.D.Calif.1979) (defendants' motion for judgment *n.o.v.* granted where record contained insufficient evidence to determine the impact on plaintiff of customer choice in a "boycottless" world); *R.S.E., Inc. v. Pennsy Supply, Inc.*, 523 F.Supp. 954 (M.D.Pa.1981) (judgment *n.o.v.* granted where plaintiff failed to account for competitors' reaction to enlarged market share projected by plaintiff's economist; study inadequate to support amount of damage, let alone to satisfy the higher measure of proof required to show fact of injury).

 It is the Farm's view that it can avoid the complexity of demonstrating that its revenues would increase in the future because it asks only for injunctive relief, having chosen to abandon its damage claims. However, individual injury, whether past or future, remains the crux of a private action, and where a plaintiff is unable "to cite to any contemporaneous damages from which a reasonable inference of future damages could be drawn," the "significant threat" of injury that would entitle it to injunctive relief has not been shown. *Machovec v. Council for the Nat'l Reg. of Health Serv. Providers in Psych., Inc.*, 616 F.Supp. 258 (E.D.Va.1985); *Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666 (D.C. Cir.1977). *See also Van Dyk Research Corp. v. Xerox Corp.*, 631 F.2d 251 (3d Cir.1980).

Moreover, unsupported testimony of proposed expert witnesses is not suffi-cient to create standing. The Farm's "experts" propose to agree with the allegations of the complaint. Without substantial factual support, however, no compilation of expert opinions would lend any weight to the Farm's claims, and the record here contains no such facts. *See Merit Motors, supra; American Bearing Co. v. Litton Industries, Inc.*, 540 F.Supp. 1163 (E.D.Pa.1982), *aff'd*, 729 F.2d 943 (3d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 178, 83 L.Ed.2d 112 (1984). Thus the Farm remains without a basis from which it might show that it will suffer loss or injury if the Association's rules are not enjoined. It would appear that the Farm wishes in effect to reargue its theory that the Mileage Rule is a *per se* antitrust violation, a purpose inappropriate to this motion.

For the foregoing reasons, the Farm's motion is denied.

IT IS SO ORDERED.