EAST COAST NOVELTY COMPANY,
INC., Plaintiff,

v.

The CITY OF NEW YORK, the Police
Department of the City of New York,
Carl W. Wendt, Property Clerk of the
Police Department of the City of New
York, Police Officer Sandra Vazquez,
Badge No. 24707, Defendants.

No. 90 Civ. 2108 (RWS).

United States District Court,
S.D. New York.

March 11, 1992.

Kahn & Sternberg, Rockville Centre,
N.Y. (Alan Kahn, Elaine H. Sternberg,
Donna Hill, of counsel), for plaintiff.

Victor A. Kovner, Corp. Counsel of City
of N.Y., New York City (Lawrence Wolff,
John P. Woods, Asst. Corp. Counsel, of
counsel), for defendants.

## MEMORANDUM OPINION

SWEET, District Judge.

The Defendants have moved for leave to
reargue the Court's prior opinion in this
matter dated January 2, 1992, 781 F.Supp.
999 (S.D.N.Y.1992) (the "Opinion"), pursu-
ant to Rule 60(b) of the Federal Rules of
Civil Procedure and Rule 3(j) of the Civil
Rules of the Southern District of New
York. For the reason set forth below, the
motion is denied.

To be entitled to reargument under
Local Rule 3(j), the Defendants must dem-
onstrate that the Court overlooked control-
ling decisions or factual matters that were
put before the Court on the underlying
motion. *Novak v. National Broadcasting
Co.*, 760 F.Supp. 47, 48 (S.D.N.Y.1991);
*Ashley Meadows Farm Inc. v. American
Horse Shows Association*, 624 F.Supp. 856,
857 (S.D.N.Y.1985).

The Defendants reassert here that
the Plaintiffs' claims are barred by *res
judicata* and that the Plaintiffs have failed
to establish municipal liability. These ar-
guments were considered by the Court and
discussed in the Opinion, 781 F.Supp. at
1005–1006, 1010–1011. The Defendants
therefore are not entitled to reargument.

Moreover, the Defendants contin-
ued *res judicata* argument ignores the spe-
cial nature of and the limited relief avail-
able in the prior proceedings. As stated by
the Second Circuit in *Antonsen v. Ward*,
943 F.2d 198 (2d Cir.1991), under New

York's transactional approach, "only if a claim could have been litigated in a prior proceeding will it later be precluded on grounds of res judicata. Where 'formal barriers' to asserting a claim existed in the first forum it would be 'unfair to preclude the plaintiff from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.'" *Id.* at 201 (quoting Restatement (Second) of Judgments § 26(1)(c) comment c (1982)). It is not the relief sought, but the relief available that is controlling. *See id.* at 202–04; *cf. Cameron v. Fogarty,* 806 F.2d 380, 384–85 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). For at least this reason, the cases cited by the Defendants are inapposite.

*Conclusion*

For the reasons set forth above, the Defendants' motion for leave to reargue is denied.

It is so ordered.