**Dr. Lenora B. FULANI and Lenora B. Fulani for President, Plaintiffs,**

v.

**Nicholas F. BRADY, Secretary of the Treasury, Shirley D. Peterson, Commissioner of Internal Revenue, and League of Women Voters Education Fund, Defendants.**

**No. 92 Civ. 0998 (RWS).**

United States District Court, S.D. New York.

June 24, 1993.

Arthur R. Block, New York City, for plaintiffs.

Roger S. Hayes, U.S. Atty., S.D.N.Y. New York City (Kathy S. Marks, Asst. U.S. Atty., of counsel), for Federal defendants.

Arnold & Porter, Washington, DC (Brooksley Born, Robert J. Jones, Michele J. Brace, of counsel); Arnold · & Porter New York City, Michael D. Schissel, of counsel, for defendant League of Women Voters Educ. Fund.

## OPINION

SWEET, District Judge.

Plaintiffs Lenora B. Fulani and Lenora B. Fulani for President (collectively, "Fulani") have moved pursuant to Rule 3(j) of the Civil Rules of the Southern District of New York ("Local Rule 3(j)") for an order granting reargument of this Court's Opinion and Order dated January 5, 1993, *Fulani v. Brady,* 809 F.Supp. 1112 (S.D.N.Y.1993) (the "Opinion"), and the Order dated January 29, 1993, and upon reargument vacating that part of the Orders and the Judgment dated February 1, 1993 (the "Judgment"), which dismissed Fulani's Amended Complaint for lack of subject matter jurisdiction; and pursuant to Rules 59(e) and 60, Fed.R.Civ.P., for an order amending the Judgement so as to grant Fulani a declaratory judgment on Count One of the Amended Complaint. For the reasons set forth below, Fulani's motion is denied.

### The Parties

Plaintiff Lenora B. Fulani is characterized as a national political leader with a core constituency of African–American citizens. ·She is the chairperson of the New Alliance party and was the first woman and the first African–American to be on the ballot in each of the fifty states. Plaintiff Lenora B. Fulani for President is the political organization that ran Fulani's 1992 presidential campaign.

Defendant Nicholas F. Brady was the Secretary of the Treasury, and Defendant Shirley D. Peterson was the Commissioner of Internal Revenue at the time of the events alleged in Fulani's Amended Complaint (the "Federal Defendants").

Defendant League of Women Voters (the "League") is a private, not-for-profit charitable trust established by the League of Women Voters of the United States in the District of Columbia in 1957 and devoted exclusively to educational purposes.[1]

### Prior Proceedings and Facts

The underlying facts, the claims at issue, and the prior proceedings in this action are described in detail in the Opinion and need not be restated here. *See* 809 F.Supp. at 1113–16. The present motion was filed on February 8, 1993. Oral argument was heard on March 17, 1993, and the motion was considered submitted as of that date.

### Discussion

**I. Fulani's Motion For Reargument Is Denied**

**A. *The Legal Standards Of Local Rule 3(j)***

■ The standards controlling a motion for reargument pursuant to Local Rule 3(j) and a motion to amend the judgment pursuant to Rule 59(e), Fed.R.Civ.P., are the same. *See Morser v. AT & T Information Sys.,* 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Lotze v. Hoke,* 654 F.Supp. 605, 607 (E.D.N.Y.1987).

Local Rule 3(j) provides in pertinent part:

There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

Thus, to be entitled to reargument under Local Rule 3(j), the Plaintiffs must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion. *See East Coast Novelty Co. v. City of New York,* 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker,* 791 F.Supp. 1002, 1008 (S.D.N.Y.1992); *Novak v. National Broadcasting Co.,* 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n,* 624 F.Supp. 856, 857 (S.D.N.Y.1985).

■ Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 3(j) motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. *See Morser,* 715 F.Supp. at 517; *Korwek v. Hunt,* 649 F.Supp. 1547, 1548 (S.D.N.Y.1986).

Finally, a Local Rule 3(j) motion must be served within ten days after the docketing of the courts's determination of the original motion.

**B. *Fulani Has Failed To Satisfy The Requirements Of Local Rule 3(j)***

■ In the first instance, Fulani's Local Rule 3(j) motion is untimely. The Opinion was dated and filed on January 5, 1993. Fulani's motion was filed on February 8, 1993, well beyond the ten-day time limit set forth in Rule 59(e) and, as such, it is untimely. However, notwithstanding this untimeliness, which, in itself, constitutes a sufficient ground to deny Fulani's motion, a review of the record on this motion reveals it to be without merit.

■ Fulani has identified neither controlling authority nor factual matters that were overlooked by this Court in granting the Defendants' Rule 12(b) motion in the Opinion. The authorities cited by Fulani in support of this motion were discussed by both sides on the previous motion, and, as Fulani acknowledges here, were expressly considered by the Court in the Opinion.

Rather than identifying overlooked authorities or facts, Fulani invites this Court to reverse itself on two grounds: first, Fulani asserts that the Court "overlooked or misapprehended the jurisprudence of equitable remedies in constitutional litigation, as distinct from the ancient principles underlying an action at law seeking a writ of mandamus," Pls.' Mem. at 2; second, Fulani con-

---

1. The League of Women Voters of the United States is a separate entity from the League and is not a party to this action.

tends that the Court may enter injunctive relief that is less intrusive than ordering the Federal Defendants to revoke the League's tax exemption. Neither of these grounds warrants vacating the Judgment dismissing Fulani's Amended Complaint.

### 1. This Court Cannot Grant The Requested Mandamas Relief Of Revoking The League's Tax Exemption

Fulani has failed to demonstrate that this Court overlooked any controlling or even relevant authority in arriving at the conclusion in the Opinion that the relief sought in the Amended Complaint is inappropriate because it would require the Court to direct the absolute discretion of the Federal Defendants. *See* 809 F.Supp. at 1127. *Cf. Jolles Found., Inc. v. Moysey,* 250 F.2d 166, 169 (2d Cir.1957) (upholding the dismissal of a claim for declaratory relief on the ground that compelling the district director of the Internal Revenue Service to reverse his position would operate as a mandamus beyond the original jurisdiction of the district court).

### 2. Fulani's Proposed "Less Intrusive" Injunctive Relief Constitutes Mandamus And Is Beyond The Jurisdiction Of This Court

Fulani asserts that, even if she were deemed not to be entitled to an injunction ordering the Federal Defendants to revoke the League's tax-exempt status, this Court should order the Federal Defendants "to take measures reasonably calculated to remedy and prevent the recurrence of the conduct by the League...." Pls.' Mem. at 9. Again, Fulani identifies no new authorities or material facts to support this contention that serve to supplement or expand the record previously before the Court on the Defendants' Rule 12(b) motion.

In Fulani's view, this purportedly "less intrusive" injunctive relief would constitute an indirect means of ordering the Internal Revenue Service to take otherwise discretionary enforcement action against the League so as to prohibit it from sponsoring future debates on the same terms and conditions.

Fulani fails to specify just what form this purportedly less-intrusive injunctive relief would take. However, to achieve the ends which Fulani seeks, any alternative relief would ultimately constitute a writ of mandamus and would necessarily be an inappropriate interference with the Federal Defendants' exercise of their discretion to interpret and enforce the tax laws.

To argue at this late date that the Court incorrectly dismissed Fulani's Amended Complaint because the Court had the authority to order injunctive relief never before requested is disingenuous and beyond the scope of a motion for reargument. This attempt to recharacterize the relief as non-mandamus-like in nature is particularly surprising in light of the fact that Fulani specifically alleges that this Court's jurisdiction is grounded on, *inter alia,* the mandamus statute, 28 U.S.C. § 1361.

Therefore, not only has Fulani failed to bring this Local Rule 3(j) motion in a timely manner, she has failed to satisfy the substantive criteria governing motions of this kind and ultimately presents repetitive arguments on issues that have been considered fully by this Court. *See Caleb,* 624 F.Supp. at 748.

## II. Fulani's Motion To Amend The Judgment Is Denied

### A. Fulani's Rules 59(e) Motion Is Untimely And Without Merit

Rule 59(e) specifies that a motion to alter or amend the judgment be made within ten days after the entry of judgment. As was noted above, the standards controlling a Rule 59(e) motion are the same as those controlling a Local Rule 3(j) motion. *See Morser,* 715 F.Supp. at 517; *Lotze,* 654 F.Supp. at 607. Thus those standards do not need to be reiterated here, and the Rule 59(e) motion is denied for the same reasons that the Local Rule 3(j) motion is denied.

## III. Fulani's Rule 60 Motion Is Without Merit

### A. The Legal Standards of Rule 60

Subsection (a) of Rule 60 allows a party to move for relief from a judgment or order that is defective as a result of clerical mistakes, while Subsection (b) provides that a

party may seek relief for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

With regard to the timing of such motions, those brought pursuant to Subsection (a) may be made at any time in accordance with the orders of the court, while Subsection (b) motions "shall be within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . ."

■ Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell in behalf of Viacom v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990), *aff'd,* —— U.S. ——, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991); *accord Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986); *Petersen v. Valenzano,* 803 F.Supp. 875, 877 (S.D.N.Y.1992).

### B. *Fulani Is Not Entitled To A Declaratory Judgment*

■ The scope of this Court's jurisdiction was expressly stated in the in the Opinion:

This Court has the authority to issue a declaratory judgment regarding Fulani's rights, and Fulani's rights have been explicated in the course of this discussion.

809 F.Supp. at 1128.

Fulani moves pursuant to Rule 60, without identifying the specific ground under that Rule on which this motion is brought, for an order amending the judgment to include a declaratory judgment provision.

There was no mistake, clerical or otherwise, and no inadvertence, surprise, excusable, newly discovered evidence, fraud, or other reason to justify the granting of this motion.

The Court's comment in the Opinion must be read in the context of the motion that was being addressed, and that context was the Defendants' 12(b) motion to dismiss. The legal standards governing the determination of that motion are clearly set forth in the Opinion, highlighting the fact that the Court necessarily decided the motion on the assumption that the factual allegations set forth in the Amended Complaint were true. *See* 809 F.Supp. at 1123–24. Thus the Court's statement that it was explicating Fulani's rights specifically referred to explication of those rights within the context of deciding the question of whether the Amended Complaint should be dismissed pursuant to Rule 12(b), not whether any of Fulani's claims should be upheld on the merits. Therefore, there is no mistake to correct in the judgment as it presently stands.

### *Conclusion*

Fulani's motions constitute an attempt to use the procedural devices of Local Rule 3(j), Rule 59(e), and Rule 60 as a substitute for appealing from this Court's final judgment in violation of the intended purpose of those rules. *See Morser,* 715 F.Supp. at 517; *Korwek,* 649 F.Supp. at 1548. Therefore, for the reasons set forth above, Fulani's Local Rule 3(j), Rule 59(e), and Rule 60 motions are denied.

It is so ordered.