AMERITRUST COMPANY NATIONAL
ASSOCIATION, First Interstate Bank of
California, Morgan Guaranty Trust
Company of New York, Security Pacific
National Bank and Signet Bank/Virgi-
nia, Plaintiffs,

v.

Michael M. DEW, Defendant.

No. 90 Civ. 7709 (RWS).

United States District Court,
S.D. New York.

Oct. 8, 1993.

Kornstein Veisz & Wexler, New York City
(David S. Douglas, of counsel), for plaintiffs.

Beigel & Sandler, Ltd., New York City
(Herbert Beigel, of counsel), for defendant.

*OPINION*

SWEET, District Judge.

Morgan Guaranty Trust Company of New York ("Morgan") is a New York corporation with its principal place of business in New York City.

Bank of America N.T. & S.A. ("Bank of America") is the successor to Security Pacific National Bank ("Security Pacific") which was a national banking association with its principal place of business in Los Angeles, California.

Signet Bank/Virginia ("Signet") is a Virginia Corporation with its principal place of business in Richmond, Virginia.

Dew is a citizen and resident of the State of Maryland.

### Prior Proceedings and Facts

The underlying facts, the claims at issue, and the prior proceedings in this action are described in detail in the 1992 Opinion, familiarity with which is assumed. *See Ameritrust Company Nat'l Ass'n v. Dew*, 90 Civ. 7709, 1992 WL 84479, at *1–3, 1992 U.S.Dist. LEXIS 4877, at *2–9 (S.D.N.Y. Apr. 13, 1992). The present motion was filed on February 3, 1993. Oral argument was heard on June 23, 1993, and the motion was considered submitted fully as of that date.

### Discussion

#### I. The Legal Standards of Local Rule 3(j)

■ Although the Banks do not state the procedural basis[1] for their motion to reconsider the 1992 Opinion, such motions customarily appear before the Court under Local Rule 3(j), which provides in pertinent part:

There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

The standards controlling a motion for reargument pursuant to Local Rule 3(j) and a motion to amend the judgment pursuant to Rule 59(e), Fed.R.Civ.P., are the same. *See*

*Morser v. AT & T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Lotze v. Hoke*, 654 F.Supp. 605, 607 (E.D.N.Y.1987).

Thus, to be entitled to reargument under Local Rule 3(j), the Plaintiffs must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion. *See Violette v. Armonk Assocs. L.P.*, 823 F.Supp. 224, 226 (S.D.N.Y.1993); *Morin v. Trupin*, 823 F.Supp. 201, 205 (S.D.N.Y.1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992); *B.N.E. Swedbank, S.A. v. Banker*, 791 F.Supp. 1002, 1008 (S.D.N.Y. 1992); *Novak v. National Broadcasting Co.*, 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Ashley Meadows Farm Inc. v. American Horse Shows Ass'n*, 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

■ Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 3(j) motion, the court must not allow a party use the motion to reargue as a substitute for appealing from a final judgment. *See Morser*, 715 F.Supp. at 517.

#### II. The Banks' Motion Fails to Satisfy the Requirements of Local Rule 3(j)

The Banks' motion for reconsideration fails to demonstrate that the later Global I Opinion elucidates new facts relevant to the summary judgment motion denied previously in the 1992 Opinion. The Banks' argument can be distilled into the following four steps: (1) the Global I Opinion found that the limited partners' securities fraud claims are time barred; (2) since the securities fraud claims are time barred there cannot be any fraud; (3) therefore the Banks acted in good faith; and, as a result, (4) the Court must now

---

1. It is unclear from the papers whether the Banks' motion for reconsideration was in fact meant to be considered under Local Rule 3(j) or as a renewal of their motion for summary judgment; regardless of the procedural posture, the Court's substantive determination remains the same.

reverse itself and declare the Banks to be holders in due course.

## A. *The 1992 Opinion Denied Summary Judgment Because the Facts Did Not Warrant a Determination that They Were the Holders In Due Course*

█ In the 1992 Opinion, the Banks argued that they were entitled to summary judgment because they had made out a *prima facie* case that they were the holders in due course. This Court denied summary judgment on several grounds. Initially, the Court outlined the standards as set forth under New York's Uniform Commercial Code for a holder in due course:

A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

N.Y.U.C.C. § 3–302(1). Good faith is defined as "honesty in fact in the conduct or transaction concerned." N.Y.U.C.C. § 1–201(19). Further, in New York, the standard of bad faith turns on whether the holder knew the transaction was suspect. *See First City Fed. Sav. Bank v. Bhogaonker*, 684 F.Supp. 793, 797 (S.D.N.Y.1988); *Sundsvallsbanken v. Fondmetal Inc.*, 624 F.Supp. 811, 817 (S.D.N.Y.1985).

Applying these standards, the Court found that the role played by the Banks in the August 1989 Solicitation and the fact that only the Banks could, and did, benefit from the restructuring of the notes implicated the good faith standard in such a way as to defeat their status as a holder in due course. In addition, the Court held that Dew successfully asserted that the Banks had actual knowledge of facts (e.g. cost overruns, the Project's worth, and the Project's debt) jeopardizing their positions, which led them to help effectuate the restructuring to only their advantage. *See Ameritrust Company Nat'l Ass'n v. Dew*, 90 Civ. 7709, 1992 WL 84479, at *4–5, 1992 U.S.Dist. LEXIS 4877, at *12–15 (S.D.N.Y. Apr. 13, 1992). The Banks, in short, had reason to know the "transaction was suspect." *See Sundsvallsbanken*, 624 F.Supp. at 817.

In addition, the Banks fail to acknowledge the 1992 Opinion's holding that there were genuine issues of material fact about their good faith which affected their holder in due course status. In footnote three of the 1992 Opinion, this Court clearly draws the distinction between fraud and good faith:

The Plaintiffs contend that the second solicitation statement was not fraudulent and they therefore are entitled to summary judgment. This contention fails to recognize the distinction between fraud and good faith. *Compare* N.Y.U.C.C. Law § 1–201(19) (defining good faith as "honesty in fact in the conduct or transaction concerned") *with* Black's Law Dictionary 594 (defining fraud as "[a] false representation of a matter of fact, whether by words or conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury").

*Id.* 1992 WL 84479 at *5 n. 3, 1992 U.S. LEXIS 4877 at *13 n. 3. The 1992 Opinion held that to be a holder in due course, the Banks must affirmatively show that they acted in good faith, a standard far more stringent that the one for fraud.

As a result, this Court's holding that "Dew has successfully raised questions of fact concerning what the Plaintiffs knew and how they acted upon this information, defeating their motion for summary judgment," *Ameritrust*, 1992 WL 84479, at *5, 1992 U.S. LEXIS 4877 at *15, remains intact.

## B. *The Global I Opinion Merely Held that Plaintiffs Securities Fraud Claims Were Time Barred*

In the relevant section of Global I Opinion, this Court held that "[i]n light of the publicity surrounding Integrated's financial demise and the August 1989 Solicitation, the *Fillmore/Greene's* Plaintiffs were placed on *inquiry notice* of the fraud they now allege at least seventeen months before they filed

240

their complaint" as such "the information available to them at that time … place[d] them on *notice* of the probability and not merely the possibility of virtually every aspect of the §§ 10(b) and 12(2) securities fraud claims." *In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.,* 815 F.Supp. 620, 663 (S.D.N.Y.1993) (emphasis added). The Banks assert that this holding proves that there was no material issue of fact concerning the Banks' status as holders in due course of Dew's notes and, accordingly, are entitled to reconsideration.

■ However, the fact that a fraud is time barred does not prove that it did not occur at all, nor does it release the Banks from their obligation of good faith as a holder in due course.

■ Finally, to the extent that the Banks argue that this Court's finding of a statute of limitations bar to the investors' federal securities fraud claims further serves to eliminate the investors' defenses to payment on the note, they are clearly in error. *See* N.Y.Civ. Prac.L. & R. § 203(c) ("if the defense … arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed"); *see also Falk v. FFF Indus., Inc.,* 731 F.Supp. 134, 139 (S.D.N.Y.1990).

■ Therefore, the Banks have failed to satisfy the substantive criteria governing motions of this kind and ultimately present repetitive arguments previously considered by this Court. *See Caleb,* 624 F.Supp. at 748.

*Conclusion*

The Banks' motion for reconsideration of the 1992 Opinion in light of the Global I Opinion lacks substantive merit and accordingly is denied.

It is so ordered.