**BONNIE & COMPANY FASHIONS, INC. and Bonnie Boerer, individually, Plaintiffs,**

v.

**BANKERS TRUST COMPANY, Defendant.**

No. 91 Civ. 0341 (DNE).

United States District Court, S.D. New York.

March 6, 1997.

9. This holding necessarily moots the issue of whether Selig is an independent Commissioner.

Budd Larner Gross Rosenbaum Greenberg & Sade, P.C., New York City (Paul A. Marber, Michael M. Rosenbaum, and Richard M. DeAgazio, of counsel), for plaintiffs.

Moses & Singer, L.L.P., New York City (Joel David Sharrow, of counsel), Kravet & Vogel, L.L.P., New York City (Joseph A. Vogel, of counsel), Bankers Trust Company, New York City (Jack H. Weiner, of counsel), for defendant.

## OPINION & ORDER

EDELSTEIN, District Judge:

Currently before this Court is a motion for reargument brought by defendant Bankers Trust Company ("BTC" or "defendant") regarding this Court's January 29, 1997 Opinion and Order. *Bonnie & Co. Fashions Inc. v. Bankers Trust Co.*, 955 F.Supp. 203 (S.D.N.Y.1997) (the "1997 Opinion"), pursuant to Rule 3(j) of the United States District Courts for the Southern and Eastern Districts of New York Joint Rules for Civil Proceedings ("Local Rule 3(j)"). Plaintiffs Bonnie Boerer ("Boerer") and Bonnie & Company Fashions, Inc. ("Bonnie & Co.") ("plaintiffs") oppose defendant's motion. For

the following reasons, defendant's motion is denied.

### BACKGROUND

This Court recently has issued several Opinions regarding the instant case, and a familiarity therewith is assumed. *See Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F.Supp. 693 (S.D.N.Y.1996) (the "1996 Opinion"); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 170 F.R.D. 111 (S.D.N.Y.1997); *Bonnie & Co.*, 955 F.Supp. 203. Accordingly, only those facts necessary to resolving the instant motion will be reviewed.

In the 1997 Opinion, this Court granted in part and denied in part plaintiffs' motion for partial summary judgment. *Bonnie & Co.*, 955 F.Supp. at 220. In the 1997 Opinion, this Court denied plaintiff's motion for summary judgment on Count Four of plaintiff's Complaint, which seeks the immediate return of Boerer's $1,000,000 collateral, as well as on defendant's Sixth Affirmative Defense/Second Counterclaim and Eighth Affirmative Defense/Fourth Counterclaim, both of which sought reimbursement for defendants' attorneys' fees. *Id.* However, this Court granted plaintiffs' motion for summary judgment with respect to defendant's Eleventh Affirmative Defense/Seventh Counterclaim for attorneys' fees. *Id.*

In so doing, this Court clarified the rulings made in the 1996 Opinion regarding plaintiffs' liability for defendants' expenses in this litigation. Specifically, this Court found that, under well-settled New York law, plaintiffs' liability for defendants' costs under Section 6.2 of the Factoring Agreement ("Section 6.2") extends solely to defendants "expenses of collection" of Bonnie & Co.'s debts, and does not render plaintiffs' liable for all of defendants' expenses arising from this action. *Id.* at ——, *19. This Court recognized four clauses in Section 6.2, and found that the only clause potentially applicable to BTC's attorneys' fees, "Section 6.2[4]," should be construed to render plaintiffs liable only for BTC's "expenses of collection" of Bonnie & Co.'s debt.

[Bonnie & Co.] shall be liable for and agree to indemnify and hold you harmless with respect to: [*1*] any tax or penalty imposed upon any transaction under this Agreement or giving rise to Accounts or which [BTC] may be required to withhold or pay for any reason; [*2*] all fees costs and expenses, including taxes of any kind, which [BTC] may incur in filing financing statements pursuant to the UCC or other public notices, and in making lien or other title examinations; [*3*] all fees, costs and expenses of collection incurred by [BTC] in efforts to enforce payment of any of the Obligations or to enforce payment of any Accounts, charged or chargeable to our account; [*4*] *all costs and expenses incurred by [BTC] in protecting, maintaining, preserving or enforcing the sale, assignment, pledge, lien and security interests granted to [BTC] hereunder, whether through judicial proceedings or otherwise, or in defending or prosecuting any actions or proceedings arising out of or in any way related to this Agreement;* and the reasonable fees, costs, and disbursements of any attorney whom [BTC] engage[s] in connection with any or all of the foregoing. [BTC] may charge to [Bonnie & Co.'s] account, at any time and from time to time, any or all of the foregoing amounts which shall be added to and deemed part of the Obligations.

*Id.* at 218 (emphasis in original). It is this finding which defendant questions in the instant motion for reargument. (Defendant's Memorandum of Law in Support of Motion for Reargument, *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 91 Civ. 0341 ("BTC Memo") at 1 (Feb. 13, 1997).)

### DISCUSSION

Since each party previously has filed an unsuccessful motion to reargue, it is fair to assume that they both are at least passingly familiar with the standards governing such a motion. *See Bonnie & Co.*, 170 F.R.D. at 113–14 (reciting the legal standards controlling a motion to reargue). Nevertheless, to avoid confusion, this Court will reiterate this standard below.

In order to succeed on a motion to reargue under Local Rule 3(j), the moving party must demonstrate that the court over-

looked the controlling decisions or factual matters that were placed before the court in the underlying motion. *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996) (Edelstein, J.); *United States v. International Business Machs.*, 79 F.R.D. 412, 414 (S.D.N.Y.1978) (Edelstein, C.J.); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996); *Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y.1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993), *aff'd*, 35 F.3d 49 (2d Cir.1994); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992).

▇ Accordingly, "[a] party should not treat a motion to reargue as a substitute for appealing from a final judgment." *Morser v. AT & T Info. Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *see also Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 490702, at *4 (S.D.N.Y. Aug.28, 1996) ("[t]his Court will not tolerate motions to reargue as substitutes for appeal"); *Great American Ins. Co. v. J. Aron & Co.*, No. 94 Civ. 4420, 1996 WL 14455, at *2 (S.D.N.Y. Jan.16, 1996) ("the court must not allow a party to use a motion to reargue as a substitute for appealing from a final judgment"). "A [Local] Rule 3(j) motion is not a motion to argue those issues already considered when a party does not like the way the original motion was resolved." *Houbigant*, 914 F.Supp. 997, 1001. Therefore, a Local Rule 3(j) motion "may not advance new facts, issues, or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug.4, 1989).

▇ In addition to being an inappropriate vehicle for advancing new arguments or factual matters, Local Rule 3(j) "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *Ameritrust*, 151 F.R.D. at 238; *see Houbigant*, 914 F.Supp. 997, 1001; *Caleb & Co. v. E.I. Du-Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). As a result, a party bringing a Local Rule 3(j) motion may properly point out only controlling factual or legal matters which it had previously raised in the underlying motion, but which were not con-sidered by the court. *Walsh*, 918 F.Supp. at 110.

Defendant asserts that "a more relaxed standard for reargument is permissible" where an issue is raised *sua sponte* or where a party has not had the opportunity to argue an issue. (BTC Memo at 3) (citing *Sales v. Republic of Uganda*, 828 F.Supp. 1032, 1035 (S.D.N.Y.1993)). This Court notes, however, that not only did BTC previously have an opportunity to argue its position on the question of its entitlement to attorneys' fees, but BTC in fact argued that point *ad nauseum*, albeit unsuccessfully, in its prior submissions to this Court. *See* (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment, *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 91 Civ. 0341 ("BTC SJ Opp. Memo") at 3–6 (Dec. 16, 1996).) Accordingly, this Court finds BTC's suggestion that this Court should relax its standards for considering the instant reargument motion to be, at best, disingenuous. As a result, this Court will adhere to the well-settled law controlling courts' considerations of motions to reargue as set forth above.

BTC's motion to reargue contends that, in the 1997 Opinion, "Boerer misled th[is] Court into misconstruing and not considering the scope of the clear and unequivocal language of the Factoring Agreement ... and erroneously limiting the amount and nature of attorneys' fees and disbursements to which [BTC] is entitled." (BTC Memo at 1.) In support of its claim that this Court blindly accepted plaintiffs' "mischaracterization of the attorneys' fees indemnification provisions of Section 6.2 of the Factoring Agreement" ("Section 6.2"), *id.* at 4, BTC advances two arguments. First, BTC contends that, in addition to the four clauses which this Court recognized in Section 6.2, there exists a fifth clause which requires plaintiffs to fully reimburse BTC for its litigation expenses. *Id.* at 4–5. Specifically, BTC argues that a correct interpretation of Section 6.2 would divide what is now clause 6.2[4] into two clauses. *Id.* at 4. As presently construed, Section 6.2[4] renders Bonnie & Co. liable for:

[4] all costs and expenses incurred by [BTC] in protecting maintaining, preserv-

ing or enforcing the sale, assignment, pledge, lien and security interests granted to [BTC] hereunder, whether through judicial proceedings or otherwise, *or* in defending or prosecuting any actions or proceeding arising out of or in any way related to this Agreement....

*Id.* at *18 (emphasis added). BTC's argument hinges upon the words following the word "or" in Section 6.2[4]. BTC maintains that these words constitute a "separate clause" which "provides for indemnification of [BTC's] attorneys' fees incurred in 'defending or prosecuting any actions or proceedings arising out of or in any way related to ... [the Factoring] Agreement'". Unlike the language preceding the "or," BTC contends that the language following the "or" "necessarily relates to actions between the parties," rather than to claims of third parties. *Id.* BTC argues that this Court overlooked that "fifth clause" in Section 6.2, and that it is a proper subject for reargument. *Id.*

The second argument which BTC offers to support its motion to reargue this Court's interpretation of Section 6.2 is that this Court misread several cases which it relied upon in the 1997 Opinion. *Id.* at 7–10 (citing *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 549 N.Y.S.2d 365, 548 N.E.2d 903 (N.Y.1989); *Bridgestone/Firestone v. Recovery Credit Svcs., Inc.* 98 F.3d 13 (2d Cir.1996)).

Plaintiffs make four arguments in opposition to BTC's motion to reargue. First, plaintiffs asserts that "BTC's motion is nothing but a rehash of arguments it advanced in opposing [plaintiffs'] [m]otion ... [which] this Court has already considered and rejected." (Plaintiff Bonnie Boerer's Memorandum of Law in Opposition to Defendant's Motion for Reargument, *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 91 Civ. 0341 ("Pltf.Opp.Memo") at 1 (Feb. 20, 1997).) As such, plaintiffs maintain that reargument is inappropriate "under the narrow standards of Local Rule 3(j)." *Id.* at 3. Second, plaintiffs contend that BTC should be denied full reimbursement for attorneys' fees because BTC "never pled entitlement to legal expenses," and should not be permitted a *de*

*facto* pleadings amendment. *Id.* at 6. Third, plaintiffs argue that, even if this Court considers the merits of BTC's motion for reargument, "there is no basis for this Court to reverse itself" because this Court correctly interpreted and applied controlling precedent. *Id.* at 7–14. Finally, plaintiffs contend that BTC's proposed interpretation of Section 6.2 is void as against public policy. *Id.* at 15.

■ To reiterate, in order to succeed on a motion to reargue, the moving party must establish that the court overlooked controlling decisions or factual matters which were placed before the court in the underlying motion. *See Walsh*, 918 F.Supp. at 110. This Court finds that neither of BTC's arguments in support of its motion to reargue meets this standard. BTC's first argument—that Section 6.2 renders plaintiffs liable for BTC's attorneys' fees under New York law—was made in opposition to plaintiffs' motion for partial summary judgment which underlies the instant motion for reargument. At that time, BTC argued that "New York law enforces agreements which provide for the payment of attorneys' fees and holds that such agreements cover attorneys' fees under the very same circumstances present here." (BTC SJ Opp. Memo at 3.) In support of that claim BTC cited just two cases: *Tartell v. Chelsea Nat'l Bank*, 351 F.Supp. 1071 (S.D.N.Y.), *aff'd per curiam*, 470 F.2d 994 (2d Cir.1972), and *Towers Charter and Marine Corp. v. Cadillac Ins. Co.*, 894 F.2d 516 (2d Cir.1990). *Id.* at 3–5. This Court, however, expressly rejected those two decisions as controlling the outcome of the 1997 Opinion. *Bonnie & Co.*, 955 F.Supp. at 219. In the 1997 Opinion, this Court determined that other authority—which BTC failed to cite—controlled this Court's construction of Section 6.2, and that pursuant to that authority, plaintiffs are liable for no more than BTC's expenses of collection, not BTC's attorneys' fees. BTC thus already argued the issue of the law controlling the construction of Section 6.2, and failed to persuade this Court. Having failed once to convince this Court that New York law permits it to charge all of its attorneys' fees to plaintiffs, however, BTC again comes before this

Court to make the same argument. That is plainly an inappropriate subject for a motion for reargument.

In addition, BTC's second argument in support of its motion to reargue—that this Court misconstrued the cases it cited in the 1997 Opinion—plainly presupposes that this Court considered, and did not overlook, those cases in that Opinion. This Court repeats yet again that a motion for reargument is appropriate *only* where a court overlooks controlling factual or legal matters. In light of this standard, BTC's second argument is clearly frivolous, and simply cannot provide the basis for a successful motion to reargue. Accordingly, this Court finds that BTC's motion for reargument should be denied.

Moreover, this Court notes that if it were to consider the merits of the first argument advanced by BTC in its reargument motion—which it does not—this Court would find that argument unpersuasive. BTC's claim that Section 6.2 contains a fifth clause which requires plaintiffs to indemnify BTC's litigation expenses simply cannot withstand the application of governing precedent. As this Court explained at length in the 1997 Opinion, "[u]nder New York law ... the intent to provide for counsel fees [by agreement between the parties] as damages for breach of contract must be *unmistakably clear* in the language of the contract." *Bonnie & Co.*, 1997 WL 42343, at *17 (quotation omitted) (alteration in original) (emphasis added). This Court further stated that, under New York law, "when courts are confronted with attorneys' fees provisions which do not make 'unmistakably clear' the indemnification of the contractual parties, courts read the provisions to apply only to legal expenses incurred through litigation with non-contractual, or third, parties." *Id.*

■ In the case at bar, even assuming *arguendo* that Section 6.2 contains a fifth clause providing for the indemnification of BTC's expenses incurred "defending or prosecuting any actions or proceedings arising out of or in any way related to [the Factoring] Agreement," that clause clearly cannot be read as an expression of the parties' unmistakably clear intention that plaintiffs would pay for BTC's litigation costs arising from litigation between the parties. At least as plausible an interpretation of BTC's proposed fifth clause in Section 6.2 is that plaintiffs agreed to indemnify BTC for its costs in prosecuting or defending actions related to the Factoring Agreement against third parties. Because both of these interpretations are possible, BTC's reading cannot be as "unmistakably clear" as it must be in order to render plaintiffs liable for all of BTC's litigation expenses in this action.

Before concluding, this Court notes that this is the third unsuccessful motion to reargue which these parties have submitted to this Court in the last three months—one by plaintiffs, two by BTC. While such motions have their proper place where a court makes a clear oversight of controlling fact or law, motions to reargue are improper vehicles through which to question each unfavorable ruling a court makes during the course of litigation. Indeed, they not only waste a court's limited time, but also test its patience. The parties' repetitive motions to reargue in the instant case have done both. As a result, this Court finds it appropriate to forbid the litigants in this case from bringing any further motions to reargue without their first requesting *in writing* a pre-motion conference before this Court.

## CONCLUSION

IT IS HEREBY ORDERED that defendant's motion for reargument is DENIED.

IT IS FURTHER ORDERED THAT no party to this litigation may bring a motion for reargument without first requesting in writing a pre-motion conference before this Court.

SO ORDERED.