Kai Wu **CHAN**, Yong Sun Li, Fu Xin Li, Ren Ping Zheng, and Liang Wen Pan, Plaintiffs,

v.

Janet **RENO**, United States Attorney General, Defendant.

No. 95 Civ. 2586(RWS).

United States District Court, S.D. New York.

June 22, 1998.

Theodore N. Cox, New York City, for Plaintiffs.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (F. James Loprest, Jr., Special Assistant U.S. Attorney, of counsel), for Defendant.

## OPINION

SWEET, J.

The plaintiffs, nationals of the People's Republic of China who entered the United States without inspection or parole (the "Plaintiffs"), have moved pursuant to Local Civil Rule 6.3 to reargue the Court's opinion dated January 13, 1998, denying the Plaintiffs' motion for summary judgment and granting the defendant's, the Attorney General of the United States (the "Government"), cross-motion for summary judgment. For the reasons set forth below, Plaintiffs' motion is denied.

### The Parties

Plaintiffs are nationals of the People's Republic of China (the "PRC") residing in the United States. All entered the United States without inspection and admission or parole ("E.W.I. PRC nationals") on or before April 11, 1990.

Janet Reno is the Attorney General and head of the Department of Justice of the United States.

### Prior Proceedings and Facts

The prior proceedings and factual background of this case are set forth in the prior opinions of the Court, familiarity with which is assumed. *See Chan v. Reno*, 991 F.Supp. 266 (S.D.N.Y.1998); *Chan v. Reno*, No. 95 Civ. 2586, 1997 WL 122783 (S.D.N.Y.1997); *Chan v. Reno*, 916 F.Supp. 1289 (S.D.N.Y.), reconsideration denied, 932 F.Supp. 535 (S.D.N.Y.1996).

Plaintiffs filed the instant motion to reargue on January 21, 1998. The motion was deemed fully submitted without argument on April 22, 1998.

### Discussion

#### I. Standard For Motions To Reconsider

Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the under-

lying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); *Fulani v. Brady*, 149 F.R.D. 501, 503 (S.D.N.Y.1993) *aff'd sub nom. Fulani v. Bentsen*, 35 F.3d 49 (2d Cir.1994).

■ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *American Alliance v. Eagle Ins.*, 163 F.R.D. 211, 213 (S.D.N.Y.1995) (citing *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985)). Nor may a party "advance new facts, issues or arguments not previously presented to the court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 116 (S.D.N.Y.1991).

## II. *INS Decision Regarding Jin Kui You Does Not Justify Reargument*

Plaintiffs contend that the Court misunderstood the facts relating to the Immigration and Naturalization Service's ("INS") denial of plaintiff Jin Kui You's ("You") advance parole application. As stated in the Opinion, Plaintiffs' equal protection claim was premised on their contention that the INS automatically granted advance parole to PRC Nationals for a period of time, and therefore imposing the statutory requirement of advance parole status before granting benefits under the Chinese Student Protection Act of 1992 (the "CSPA") imposes a "mere" travel requirement, which is irrational and therefore unlawful.

Plaintiffs, however, failed to put forward any facts that the INS automatically granted advance parole. Instead, they contended that "[d]iscovery would show that, in practice, trips to China were uniformly approved." On a motion for summary judgment, however, Plaintiffs cannot rely on such conclusory allegations in the face of opposing evidence submitted by the Government.

Plaintiffs contend in the instant motion that You's advance parole application was denied because he did not have deferred enforced departure ("DED") status pursuant to Executive Order 12,711. *See* Exec. Order No. 12,711, 55 Fed.Reg. 13897 (1990). They contend that their equal protection claim is premised on one population of PRC nationals who had DED status, from which those who traveled out of the country, thereby attaining advance parole status, were treated differently from those who did not travel. Accordingly, they assert, if the INS denied You's application because they thought he did not have DED status, then the rejection of the application does not support the Government's position that PRC nationals with DED status did not obtain automatic advance parole.

■ First, Plaintiffs failed to raise the factual issue of the reason for the denial of You's application before the Court at the time of the motions and so reargument is inappropriate and is denied. In any case, the markings on the INS Request For Advance Parole form do not establish why You's application was denied and no facts have been adduced to oppose the Government's factual submission that advance parole was not automatic.

While the threshold may not be high to create a genuine issue of material fact sufficient to defeat the Government's summary judgment cross-motion, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). For these reasons, Plaintiffs' motion to reargue based on the You advance parole application is denied.

## III. *Amendment to Section 245(i) Is Insufficient Grounds to Reargue*

Plaintiffs cite a recent amendment to section 245(i) of the Immigration and Nationality Act of 1952, as amended (the "INA").[1]

1. The amendment provides that:
   Sec. 111. (a) Limitation On Eligibility Under Section 245(i).—Section 245(i)(1) of the Immigration and Nationality Act (8 U.S.C. 1255(i)(1)) is amended by striking 0"(i)(1)" through "The Attorney General" and inserting the following:

*See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriates Act, 1998 (the "Amendment"), Pub.Law 105–119, § 111(b), 111 Stat 2440, 2458 (Nov. 26, 1997). The Amendment, among other things, eliminates the previous sunset provision for section 245(i).

Plaintiffs contend that the Amendment undermines the Court's conclusion that the INS regulation prohibiting CSPA applicants from reopening their applications and obtain the benefits of section 245(i), thereby concatenating the benefits of the CSPA and section 245(i), is rational. However, the Amendment was not before the Court and was therefore not overlooked. *See Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237, 238 (S.D.N.Y. 1993).

In addition, Plaintiffs fail to advance any reason why the repeal of the sunset provision, even if properly considered here, has any connection to the purported rational for the INS regulation—which is revenue generation and repose in previous application denials. As the Court stated in the Opinion, the INS regulation does not prohibit the Plaintiffs from reapplying for status adjustment under section 245(i). It merely prohibits a carry-forward of the CSPA benefits to their new application.

### IV. *The INS Legal Opinion Does Not Provide Grounds To Reargue*

Plaintiffs further contend that the Court overlooked an August 10, 1993, INS legal opinion purportedly establishing that PRC nationals who had "cured" their unlawful entries with reentries obtained via grants of advance parole were eligible to adjust

> "(i)(1) Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States—
>
> "(A) who—
>
> "(i) entered the United States without inspection; or
>
> "(ii) is within one of the classes enumerated in subsection (c) of this section; and
>
> "(B) who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 203(d)) of—
>
> "(i) a petition for classification under section 204 that was filed with the Attorney General on or before January 14, 1998; or
>
> "(ii) an application for a labor certification under section 212(a)(5)(A) that was filed pursu-

status. Plaintiffs contend that this memorandum established a binding INS policy, and that the policy establishes two classes for equal protection comparison: those who but for the pure travel requirement could have adjusted under the CSPA, and those with the advance parole travel who did obtain adjustment of status.

The Government contends, however, that such internal memoranda do not bind the INS. Moreover, they contend, even if the INS followed such a policy at one time but later changed it, the change would not violate equal protection if the new policy was rational.

Plaintiff's contention, however, does not undermine the Court's conclusion that they failed to demonstrate two similarly situation classes subject to equal protection analysis. The Court relied upon Plaintiffs failure to present evidence that advance parole applications were automatically approved. The memorandum, according to Plaintiffs, demonstrates only that once advance parole was obtained, status adjustment could follow. Plaintiffs do not contend that the memorandum established automatic approval of the advance parole applications. Accordingly, Plaintiffs' motion to reargue on these grounds must be denied.

### Conclusion

For the reasons set forth above, Plaintiffs' motion to reargue is denied.

It is so ordered.

ant to the regulations of the Secretary of Labor on or before such date; may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence. The Attorney General".

(b) Repeal of Sunset For Section 245(i).—Section 506(c) of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1995 (Public Law 103–317; 108 Stat. 1766) is amended to read as follows:

"(c) The amendment made by subsection (a) shall take effect on October 1, 1994, and shall cease to have effect on October 1, 1997. The amendment made by subsection (b) shall take effect on October 1, 1994."