**Steven GRAVATT and Dolores Gravatt, Plaintiffs,**

v.

**The CITY OF NEW YORK, Simpson & Brown, Inc., N. Massand, P.E., L.S., P.C., a/k/a Nanik Massand, P.E., Barge "ABC" and Barge "DEF", their engines, boilers, tackle, etc., in rem, Defendants.**

**No. 97 Civ. 0354 (RWS).**

United States District Court, S.D. New York.

Aug. 19, 1998.

Waesche, Scheinbaum & O'Regan, P.C., New York City, for Plaintiffs; Nicholas P. Giuliano, William Bennett, III, of counsel.

Chalos & Brown, New York City, for defendants; David H. Fromm, Fred G. Wexler, of counsel.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendant N. Massand, P.E., L.S.P.C. ("Massand") has moved pursuant to Local Civil Rule 6.3 to reargue the Court's opinion dated June (the "Opinion"). For the reasons set forth below, S & B's motion is denied.

### The Parties

The Gravatts are New Jersey residents and had been married for 15 years at the time of the events at issue. Mr. Gravatt was 37 years old and was employed by S & B as a dock builder and pile driver. He was seriously injured on the job on January 31, 1996.

S & B is a New Jersey corporation with its principal place of business in Cranford, New Jersey.

### Prior Proceedings And Facts

The facts and prior proceedings in this action are set forth in the prior opinions of the Court, and will not be repeated here. See Gravatt v. The City Of New York, No. 97 Civ. 0354, 1998 WL 341941, 1998 A.M.C. 2298 (S.D.N.Y. June 26, 1998) (the "Reargument Opinion"); Gravatt v. City Of New York, No. 97 Civ. 0354, 1998 WL 171491 (S.D.N.Y. Apr. 10, 1998) (the "Summary Judgment Opinion").

Massand filed the instant motion on July 6, 1998, which was deemed fully submitted without argument on July 29, 1998.

### Discussion

█ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. See Ameritrust Co. Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y.1993) aff'd sub nom. Fulani v. Bentsen, 35 F.3d 49 (2d Cir.1994).

█ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. Caleb & Co. v. E.I. DuPont De Nemours & Co., 624 F.Supp. 747, 748 (S.D.N.Y.1985). Nor may a party "advance new facts, issues or arguments not previously presented to the court." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F.Supp. 115, 116 (S.D.N.Y.1991).

Massand's second motion to reargue contends that the Court did not address its argument in the first motion to reargue that the Court overlooked the fact that Simpson & Brown, Inc. ("S & B"), a co-defendant, is a dual capacity employer and thus is subject to Massand's cross-claim for contribution. Specifically, the first motion to reargue contended that "in dismissing Massand's cross-claim for contribution the Court overlooked the fact that Simpson & Brown is acting as a dual capacity employer in this case." (emphasis added).

█ In the Summary Judgment Opinion, the Court held that "S & B is entitled to dismissal of Massand's implied indemnity cross-claims." (emphasis added). The court did not grant dismissal of Massand's contribution cross-claim.[1] To clarify this point, in

---

1. Nor, however, did the Court grant contribution to Massand. Massand did not move for summary judgment against S & B on its contribution cross-claim. Massand's opening brief in support

of its motion for summary judgment lists as point VIII the following point: "In the Event Massand Is Not Granted Judgment Dismissing Plaintiff's Claims, The Court Should Find That Massand Is

the Reargument Opinion the Court vacated the paragraph in the Summary Judgement Opinion referring to the LHWCA bar against tort-based contribution. The Court carefully considered all of the parties contentions, and if the Court did not expressly grant summary judgment, the argument was found to be without merit.

Accordingly, Massand's second motion to reargue is moot.

### Conclusion

For the reasons set forth above, Massand's motion to reargue is denied.

It is so ordered.

Entitled To *Indemnification* By Simpson & Brown As A Matter Of Law." (emphasis added). Massand's discussion of the point contends that "Massand asserts a cross-claim against S & B for common law *indemnification*." (emphasis added). Massand's reply brief notes for the first time that it has asserted a cross-claim for contribution too, but provides no legal argument in support of its cross-claim, other than to refer to its memorandum in opposition to S & B's motion.